Anthony J. DiGiovanna, J.
In this action for a declaratory judgment, wherein is sought a determination as to which of the two defendant insurance companies is required to defend plaintiff’s negligence claim, plaintiff moves for an order directing summary judgment as against either State-Wide Insurance Company (hereinafter referred to as “ State-wide ”) or Empire Mutual Insurance Company (hereinafter referred to as “ Empire Mutual ”). Said insurance carriers respectively move similarly for summary judgment, dismissing the complaint.
The circumstances are not in dispute. This action arose out of a claim for personal injuries allegedly sustained by plaintiff on January 8, 1966 as a result of an automobile collision between the plaintiff’s automobile and a public livery motor vehicle which was owned by defendant, Mary Kirkland (hereinafter referred to as “ Kirkland ”). State-wide had issued a liability insurance policy covering plaintiff’s vehicle on the date of the accident which included the uninsured motorists’ indorsement providing coverage to plaintiff for any injuries he might sustain through the negligence of an uninsured motor vehicle. Empire Mutual had issued to Kirkland under the New York Automobile Assigned Risk Plan a liability insurance policy covering her vehicle, which by its terms ran from May 2, 1965 to December 31, 1965 inclusive.
It is not disputed, at least for purposes of the instant motions, that on November 1,1965 Empire Mutual sent a notice to Kirkland in accordance with subdivision 2 of section 14 of the Assigned Risk Plan, notifying her that a renewal policy would be issued to her on the vehicle in question, upon payment of the renewal premium "by December 15, 1965; neither is it disputed that such premium was not paid and that no renewal of the policy was issued by Empire Mutual.
Empire Mutual contends that Kirkland’s omission to pay the premium for a renewal of the policy resulted in the termination on December 31,1965 of said policy, and of any coverage of the Kirkland vehicle by Empire Mutual. State-wide, which under the uninsured motorists’ indorsement to the policy issued by it to plaintiff, would be required to entertain the claim if the Kirkland vehicle was without coverage on the date of the accident, challenges the contention advanced by Empire Mutual and takes the position that the notice sent by Empire Mutual did not effect a termination of that carrier’s policy on December 31, 1965, despite its insured’s failure to remit payment of the renewal *181 premium, since, concededly, the notice sent by Empire Mutual did not comply with the provisions of section 313 of the Vehicle and Traffic Law covering the requisite contents of a notice of termination of policy. State-wide cites in support of its position the case of Monette v. Nationwide Mut. Ins. Co. (230 N. Y. S. 939) which held that a liability policy issued under the Assigned Risk Plan continued in force after its expiration date without a renewal because of the failure of the insurer to give notice of termination of the policy in accordance with the provisions of section 313. Empire Mutual in turn argues that section 313 does not apply to vehicles transporting passengers for hire such as Kirkland’s vehicle, in view of the exemption provided by section 321 of the Vehicle and Traffic Law. Section 321 states, in part, that ‘ ‘ This article [i.e., art. 6 in which is found section 313] shall not apply to any motor vehicle for the operation of which security is required to be furnished under section three hundred seventy of this chapter ”. It is indisputable that the Kirkland vehicle as a public livery conveyance comes within the provisions of section 370.
The specific question to be determined, therefore, on the instant motions is whether the language of section 321 is to be accorded a literal meaning, as exempting motor vehicles such as the Kirkland vehicle, from the operation of article 6, and more particularly section 313 thereof, or whether, as State-wide contends, section 321 should be understood as exempting such conveyances only from the operation of the minimum coverage requirements specified in that article.
While I entertain some doubt as to whether such a result was envisaged by the Legislature, I am constrained to hold, on the basis of the plain language of section 321, that Kirkland’s motor vehicle is not governed by the requirements contained in section 313, and that, therefore, Empire Mutual was not required to comply with the provisions of that section in order to effectuate a termination of its policy with Kirkland. As was stated in Lawrence Constr. Corp. v. State of New York (293 N. Y. 634, 639), “ A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. ’ ’
Accordingly, plaintiff’s motion for summary judgment insofar as it is directed against defendant State-wide, is granted. The cross motion of defendant Empire Mutual for summary judgment is likewise granted. Defendant State-wide’s cross motion for summary judgment is denied.