■ EVEREADY INSURANCE COMPANY, Appellant, v PATRICK E. MITCHELL et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 2, 1986, which denied its application for a permanent stay of arbitration and directed the respondent Patrick E. Mitchell and the petitioner to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, and the petitioner's application for a permanent stay of arbitration is granted.

The petitioner issued an assigned-risk policy of liability insurance to the respondent Patrick E. Mitchell which was in effect on March 23, 1985, the date upon which he was involved in an automobile collision with an allegedly uninsured motorist. Mitchell subsequently served a demand for arbitration upon the petitioner. The petitioner requested a stay of arbitration on the ground that there was a question as to whether the insurance policy issued by the respondent Liberty Mutual Insurance Company (hereinafter Liberty) to the owner of the offending vehicle was in full force and effect on the date of the accident. By order dated May 28, 1986, the court (Vaccaro, J.) directed that an evidentiary hearing be held to determine whether there was an effective contract of liability insurance covering the offending vehicle on the subject date.

At the hearing, a witness testified that Liberty had mailed a notice of cancellation to its insured, effective April 4, 1984, alleging nonpayment of the premium. He further testified with respect to the procedures used by Liberty in notifying the insured of the impending cancellation. However, the bill mailed to the insured prior to the issuance of the notice of cancellation was not offered in evidence. The witness conceded that he was unable to produce the bill because Liberty did not retain a copy thereof. He also testified that he had no personal knowledge whether a bill had actually been mailed. In fact, no evidence as to the content of the bill was presented. The court subsequently found that the cancellation of the policy was valid, and that the owner of the offending vehicle was there-

fore not insured by Liberty on the date of the accident. In the order appealed from, the court denied the petitioner's application for a permanent stay of arbitration and directed Mitchell and the petitioner to proceed to arbitration.

We conclude Liberty failed to establish that the cancellation of the insurance policy was valid, and the stay was therefore improperly denied. Pursuant to Rules of the New York Automobile Insurance Plan § 14 (E) (2), an insurer is required to bill the insured for the amount payable at least 15 days prior to the due date. The insurer must include in each billing a notice that the insured has the option of remitting his premium payment either through his producer or directly to the company, and must disclose the amount of the premium owed, the due date, and a statement of the account. Rules of the New York Automobile Insurance Plan § 18 (2) further provides that an insurer shall have the right to cancel a policy upon notice for nonpayment of the premium. However, this right is contingent upon the mailing of a proper bill, since the premium does not otherwise become due and owing. The bill must therefore strictly comply with Rules of the New York Automobile Insurance Plan § 14 (E) (2) in order to effectuate the legislative purpose of permitting persons injured by motorists to recover for their injuries (cf., *Nassau Ins. Co. v Hernandez,* 65 AD2d 551, 552; *Matter of Lion Ins. Co. v Reilly,* 61 AD2d 1047; *Federal Ins. Co. v Rivera,* 122 Misc 2d 506, 509). Absent strict compliance with these provisions, the subsequent cancellation is ineffective and the insurer remains liable and obligated to defend claims under the policy (see, *Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760, 762, *rearg denied* 31 NY2d 1059). Here, no evidence was presented in regard to the content of the bill, and hence no effective cancellation of the policy was demonstrated. The petitioner's application for a permanent stay must therefore be granted. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.