■ In the Matter of HOME INDEMNITY COMPANY, Appellant, v GINA SCRICCA et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), entered June 24, 1987, which denied its application for a permanent stay of arbitration.

Ordered that the order and judgment is reversed, on the law, with costs, and the petitioner's application for a permanent stay of arbitration is granted.

On November 22, 1985, the respondent Gina Scricca was injured in an automobile collision with an allegedly uninsured motorist. On the date of the accident, the owner of the vehicle Scricca was driving maintained a standard automobile liability policy with the petitioner, Home Indemnity Company. Scricca subsequently served a demand for arbitration upon the petitioner, seeking to recover benefits under the uninsured motorist endorsement of that policy. The petitioner then commenced this proceeding to stay arbitration upon the ground that there was a question as to whether an assigned risk policy of liability insurance issued by the respondent General Accident Insurance Company of America (hereinafter General Accident) to the owner of the offending vehicle was in full force and effect on the date of the accident. By order dated January 27, 1987, the court (Kassoff, J.) directed that a trial be held to determine whether the offending vehicle was insured on the date of the accident.

At the trial, there was testimony that General Accident had sent a notice of cancellation to its insured on April 19, 1985, informing him that his assigned risk policy had been canceled due to nonpayment of a premium. However, the bill allegedly

mailed to the insured prior to the issuance of the notice of cancellation was not offered in evidence. An employee-witness of General Accident conceded that the bill could not be produced because General Accident did not retain copies of such bills after the expiration of 90 days from issuance. Limited evidence of the content of the bill in question was offered by the employee-witness based upon microfiche records maintained by General Accident, but no evidence was offered to establish that the insured was advised in accordance with Rules of New York Automobile Insurance Plan § 14 (E) (2) (b) that he had the option of remitting his premium payment either through his producer or directly to the company. The court subsequently found there had been strict compliance with the rules governing cancellation of assigned risk automobile policies, and denied petitioner's application to stay arbitration. We disagree.

Pursuant to the Rules of New York Automobile Insurance Plan § 18 (2), an insurer has the right to cancel an assigned risk policy upon notice for nonpayment of the premium. However, this right is contingent upon the mailing of a proper bill, since the premium does not otherwise become due and owing (see, Eveready Ins. Co. v Mitchell, 133 AD2d 210; Home Indem. Ins. Co. v Brugnatelli, 138 Misc 2d 366). The bill must therefore strictly comply with billing procedures set forth by Rules of New York Automobile Insurance Plan § 14 (E) (2) in order to effectuate the legislative purpose of permitting persons injured by motorists to recover for their injuries (see, Eveready Ins. Co. v Mitchell, supra; Home Indem. Ins. Co. v Brugnatelli, supra). Absent strict compliance with these provisions, the subsequent cancellation is ineffective and the insurer remains liable and obligated to defend claims under the policy (see, Capra v Lumbermens Mut. Cas. Co., 31 NY2d 760, 762, rearg denied 31 NY2d 1059; Eveready Ins. Co. v Mitchell, supra).

Here, General Accident's failure to present evidence that the bill advised the insured in accordance with Rules of New York Automobile Insurance Plan § 14 (E) (2) (b) that he had the option of remitting his premium payment either through his producer or directly to the company is fatal to its purported cancellation of the subject policy (see, Home Indem. Ins. Co. v Brugnatelli, supra, at 368).

Therefore, petitioner's application for a permanent stay of arbitration must be granted. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.