■ ANNA DAVIS, Respondent, v JOHN C. WALSH et al., Defendants and Third-Party Plaintiffs-Respondents. LUMBERMENS MUTUAL CASUALTY COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In a negligence action to recover damages for personal injuries, Lumbermens Mutual Casualty Company appeals from so much of an order of the Supreme Court, Kings County (G. Aronin, J.) entered February 21, 1989, as (1) granted that branch of the motion of the defendant third-party plaintiff Four Seasons Messenger Ser-

vice, Inc., which was for summary judgment against it, and directed it to defend and, if necessary, indemnify Four Seasons Messenger Service, Inc., and John C. Walsh, and (2) denied the appellant's cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants third-party plaintiffs-respondents.

The issue before us is whether insurance coverage was in effect when an automobile accident occurred while the defendant third-party plaintiff John C. Walsh was driving a vehicle owned by the defendant third-party plaintiff Four Seasons Messenger Service, Inc. (hereinafter Four Seasons).

An insurance carrier has the right to cancel an assigned risk policy if certain procedural steps are followed. The New York Automobile Insurance Plan § 14 (B) (1) obligates the carrier to notify the policyholder of the policy expiration date and renewal premium at least 45 days, but not more than 60 days, before the date of expiration. The purpose of this notice is to alert the policyholder that the policy is due to expire, and that if the policyholder wants continued coverage, he must remit the premium set forth in the notice in order to effectuate a renewal of coverage. Pursuant to the New York Automobile Insurance Plan § 14 (B) (3), a carrier may then cancel the policy upon notice, if the renewal premium is not received at least 20 days before the expiration date of the policy.

Here, the appellant's notice of the renewal premium fell short of compliance with New York Automobile Insurance Plan § 14 (B) (1) in that it was concededly issued less than 40 days before the date when the policy was due to expire.

Accordingly, the purported cancellation was a nullity and the policy was in effect on the date of the accident. Thus, the appellant must defend and, if necessary, indemnify the defendants third-party plaintiffs-respondents. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.