OPINION OF THE COURT
Anthony F. Shaheen, J.
This declaratory judgment action arose from an auto accident on December 12, 1987 in which plaintiff collided with one Nancy Bacon causing property damage to both vehicles. Plaintiff commenced an action against Ms. Bacon for property damage of $2,449.20; and she counterclaimed for damage to her vehicle in the amount of $4,219.60. On February 3, 1988, plaintiff received a letter from his insurance company, defendant Royal Insurance, advising him that he had no coverage *1077 for this accident since his insurance had been canceled effective August 20, 1987.
Plaintiff then commenced this action, claiming that his policy was never canceled, that it was at all times paid in full, that he was never notified of any cancellation, and that no termination notice was ever filed with the New York State Insurance Department. The defendant Royal Insurance entered an answer with the affirmative defense that on July 28, 1987, a notice of cancellation was sent to plaintiff, thereby relieving them of the obligation to defend him on Ms. Bacon’s counterclaim.
The plaintiff now seeks summary judgment and a declaration that Royal Insurance has a duty to defend him, based on his allegations that he never received notice of cancellation and that said notice was never served on the Insurance Department. Defendant Royal Insurance cross-moves for summary judgment dismissing the complaint, and has produced a copy of the notice of cancellation and the original United States Postal Service certificate of mailing to show that this notice of cancellation was mailed to plaintiff on July 28, 1987. Defendant further claims that proper notice was also given to the Commissioner of Motor Vehicles via computer tape; however, they are unable to locate documentation of said notice.
At the time of oral argument oh these cross motions, the plaintiff conceded that the defendant insurance company demonstrated conclusive proof of service upon him of the notice of cancellation to comply with the statute (Vehicle and Traffic Law § 313 [1] [b]; see, Bullock v Hanover Ins. Co., 144 AD2d 416, 417), and as such, his motion for summary judgment in this regard is denied. However, there remains for this court to determine the question of whether notice of cancellation was properly filed with the Commissioner.
In addition to requiring that notice of cancellation be served upon the insured, the Vehicle and Trafile Law in effect at the time of this accident required that notice of cancellation "shall be filed by the insurer with the commissioner not later than thirty days following the effective date of such cancellation” (Vehicle and Traffic Law § 313 [2]). The purpose of notifying the Commissioner is to enable him to revoke the insured’s registration for failure to provide financial security (see, Allstate Ins. Co. v Altman, 21 Misc 2d 162). However, failure to file said notice of cancellation with the Commissioner of Motor Vehicles does not affect the cancellation as *1078 between the insured and the insurer (Holmes v Utica Mut. Ins. Co., 92 AD2d 1045, 1046). Clearly, an insured who has received notice of cancellation should not be permitted to collect first-party benefits, under a policy which he has failed to keep in force, by virtue of an insurance company’s technical failure to notify the Motor Vehicle Department of said cancellation; however, it is also reasonably clear that, were the court to overlook such a technical failure by an insurance company and treat this case as though there had been strict compliance with the notice requirements, it would thereby undermine the general legislative purpose of permitting third parties to recover for their injuries (see, Matter of Home Indem. Co. v Scricca, 147 AD2d 697, 698). It is this court’s belief that an insurance company which fails to properly notify the Motor Vehicle Department of such a cancellation should not thereby benefit from its failure to follow the Legislature’s mandate in this regard.
A careful review of the facts and circumstances in this case reveals that the defendant insurance company has simply failed to demonstrate that the statutory notice of cancellation was ever properly filed with the Commissioner of Motor Vehicles which would be valid against third parties (see, Matter of Prudential Prop. & Cas. Ins. Co. v Pacenza, 120 AD2d 736, 737; cf., Bullock v Hanover Ins. Co., supra, at 417). Pursuant to a judicial subpoena duces tecum directing the Commissioner of Motor Vehicles to produce certified copies of all records relating to said notification concerning plaintiffs policy, Harry A. Mooney of the Insurance Services Bureau responded: "There is no entry on the Department of Motor Vehicles Registration Records of Thomas B. Russell of the Termination Filing by Royal Insurance Company of America.” In response to this finding, the defendant insurance company submitted an affidavit from their data processing specialist who alleges that on July 29, 1987 an instruction was put on their computer to give notice of this cancellation to the Department of Motor Vehicles; however, the defendant has provided no proof whatsoever that this instruction was ever carried out.
Accordingly, the cancellation of plaintiffs policy was ineffective with respect to third parties, and the defendant insurance *1079 company is liable to defend and indemnify the plaintiff on the counterclaim imposed by Nancy Bacon. Plaintiff’s motion for summary judgment is therefore granted in this respect, and the defendant’s motion is denied. Plaintiff’s request for counsel fees is denied.