■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v HAKIJA HADZOVIC, Individually and as Mother and Natural Guardian of FERDID HADZOVIC, et al., Respondents.— In a proceeding to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Spodek, J.), entered July 13, 1990, which, after a hearing, denied the application.

Ordered that the order is reversed, on the law, with costs payable by Metropolitan Property & Liability Insurance Company, and the petitioner's application for a permanent stay of arbitration is granted.

The petitioner's insured, Hakija Hadzovic, made a claim against her automobile liability policy when her four-year-old son was struck by an automobile on May 8, 1989. Hadzovic served a demand for arbitration pursuant to the policy's uninsured motorist endorsement. The petitioner requested a stay of arbitration on the ground that there was a question as to whether the insurance policy issued by Metropolitan Property & Liability Insurance Company (hereinafter Metropolitan) to William Stern, the owner of the vehicle which struck the petitioner's son, was in full force and effect on the date of the accident.

At the hearing, Terri Bevivino, the risk underwriting supervisor for Metropolitan, testified that Stern had been issued an assigned risk liability policy of insurance covering the time period of April 4, 1988, through April 4, 1989, and that a renewal quote was mailed to Stern on February 16, 1989. However, Metropolitan's records indicated that Stern made no attempt to renew his policy of insurance. The court determined that the insured was mailed the appropriate notice, that the insured did not make payment within the prescribed time period, and that a notice of cancellation was sent and filed appropriately. Thus, the court held that Metropolitan terminated its insurance effective April 4, 1989. We disagree.

The Rules of the New York Automobile Insurance Plan § 14

(B) provide that at least 45 days, but not more than 60 days, prior to the inception date of a first or second renewal policy, the designated insurer shall notify the named insured that a renewal policy and identification card will be issued provided the renewal premium stipulated in the notice is received by the insurer or by the producer of record (insurance broker) prior to the date of inception of the renewal policy. Absent strict compliance with this provision, a cancellation is ineffective and the insurer remains liable and obligated to defend claims under the policy *(see, Matter of Otterbein v Babor & Comeau Co.,* 272 NY 149; *Eveready Ins. Co. v Mitchell,* 133 AD2d 210). Here, the renewal notice which preceded the termination notice failed to inform the insured that he could have remitted his premium to either the insurer or the producer of record *(see, Home Indem. Ins. Co. v Brugnatelli,* 138 Misc 2d 366). In addition, the renewal notice did not clearly set forth the amount the insured was required to remit to renew the policy. Therefore, the renewal notice was not in proper form and the policy issued by Metropolitan was still in full force and effect on May 8, 1989, the date of the accident. Accordingly, the petitioner's application for a permanent stay of arbitration must be granted.

In light of this determination, we need not consider the petitioner's other contention. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.