■ In the Matter of PARAMOUNT INSURANCE COMPANY,

Appellant, v Xiomara Moctezuma et al., Respondents. [608 NYS2d 276] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J., on the judgment; Groh, J., on the decision), dated January 27, 1992, which, after a hearing, denied the application, dismissed the petition, and referred the matter to arbitration.

Ordered that the judgment is reversed, on the law, with costs, and the application is granted.

When, as here, the issue concerns cancellation of an automotive insurance policy issued under an assigned risk plan for failure to pay the premiums, the insurer, in this case State Farm Mutual Automobile Insurance Company (hereinafter State Farm), must prove the mailing of both a final bill and a notice of cancellation (see, Davis v Walsh, 153 AD2d 549; Eveready Ins. Co. v Mitchell, 133 AD2d 210; Matter of Home Indem. Co. v Scricca, 147 AD2d 697; Rules of NY Automobile Insurance Plan §§ 14-18). The final bill, which is a condition precedent to payment being due and owing, must be mailed at least 15 days prior to the mailing of the notice of cancellation (see, Eveready Ins. Co. v Mitchell, supra; Matter of Home Indem. Co. v Scricca, supra; Rules of NY Automobile Insurance Plan § 14 [E] [2]).

Although State Farm presented evidence sufficient to create a presumption that the notice of cancellation was properly mailed (see, Nassau Ins. Co. v Murray, 46 NY2d 828; Federal Ins. Co. v Kimbrough, 116 AD2d 692; Anzalone v State Farm Mut. Ins. Co., 92 AD2d 238), it presented insufficient evidence that the final bill was mailed (see, Matter of Home Indem. Co. v Scricca, supra). Thus, State Farm failed to meet its burden of proving that the insurance policy in question was timely and properly cancelled (see, Viuker v Allstate Ins. Co., 70 AD2d 295).

In view of the forgoing, the State Farm policy covering the offending vehicle was in effect at the time of the accident, and the respondent Xiomara Moctezuma is stayed from seeking arbitration. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.