■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v HORTENCIA NOLAN, as Administratrix of the Estate of MICHAEL K. NOLAN, Deceased, Respondent, and PROGRESSIVE INSURANCE COMPANY, Respondent. [622 NYS2d 115] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated January 12, 1994, which, after a hearing, denied its application for a permanent stay of arbitration.

Ordered that the judgment is reversed, on the law, with costs, and the application for a permanent stay of arbitration is granted.

It is well settled that with regard to the billing for payment of premiums upon assigned risk policies, the rules of the New York Automobile Insurance Plan must be strictly complied with in order for the subsequent cancellation for nonpayment of the premium to be effective *(see, Eveready Ins. Co. v Mitchell,* 133 AD2d 210, 211; *Matter of Home Indem. Co. v Scricca,* 147 AD2d 697, 698; *Allstate Ins. Co. v Ramirez,* 208 AD2d 828). In this case, Progressive Insurance Company (hereinafter Progressive) failed to comply with New York Automobile Insurance Plan § 14 (E) (2) (b) in that it did not bill the insured for the payment of the premium at least 15 days prior to the due date, and it failed to inform the insured that payment could be rendered "through his producer or directly to the company" (New York Automobile Insurance Plan § 14 [E] [2] [b]). Accordingly, Progressive's cancellation of the policy was ineffective, and the Supreme Court should have granted the petitioner's application to stay arbitration of the uninsured motorist claim. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.