In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v MICHAEL McLEAN et al., Respondents. [643 NYS2d 680]

It is well-settled that in order to effectively cancel an assigned risk policy of automobile insurance, such as the one at bar, the carrier must, *inter alia,* send the policyholder a final premium bill prior to cancellation. Further, pursuant to the Rules of New York Automobile Insurance Plan § 14 (E) (2) (b), this bill must contain a statement advising the policyholder that payment may be made directly to the insurance company or to the "producer of record" *(see, Matter of Paramount Ins. Co. v Moctezuma,* 201 AD2d 652; *Matter of Home Indem. Co. v Scricca,* 147 AD2d 697; *Eveready Ins. Co. v Mitchell,* 133 AD2d 210; Rules of NY Automobile Insurance Plan § 14 [E] [2] [b]). In the case at bar, the respondent, New York Central Mutual Fire Insurance Company, the carrier who issued the assigned risk policy, conceded at the hearing before the Supreme Court that its premium bill did not contain such a statement. Accordingly, no effective cancellation of the policy was demonstrated, and a stay of arbitration should have been granted. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.