■ In the Matter of ROBIN WILSON, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION et al.,

Respondents, and ALLCITY INSURANCE COMPANY, Appellant. [649 NYS2d 184] —In a proceeding, *inter alia,* pursuant to Insurance Law article 52 to determine the rights of the parties under certain insurance policies, Allcity Insurance Company appeals from an order of the Supreme Court, Kings County (Alfano, J.H.O.), dated April 20, 1995, which, *inter alia,* determined that it provided insurance coverage to a vehicle owned by Violetta Isnard at the time of the subject accident.

Ordered that the order is affirmed, with costs to the respondent-respondent American Home Insurance Company.

Allcity Insurance Company (hereinafter Allcity) contends that it properly canceled a liability insurance policy issued to Violetta Isnard by filing a notice of termination with the Commissioner of Motor Vehicles in accordance with Vehicle and Traffic Law § 370. We disagree. Although the Isnard vehicle was a livery cab governed by the financial security provisions of Vehicle and Traffic Law § 370, the Isnard policy was issued through the assigned risk plan. Accordingly, in order to effectuate the legislative goal of permitting persons injured by motorists to recover for their injuries, Allcity was additionally required to strictly comply with the Rules of the New York State Automobile Insurance Plan (*see, Matter of Government Empls. Ins. Co. v Nolan,* 212 AD2d 531; *Matter of Home Indem. Co. v Scricca,* 147 AD2d 697; *Eveready Ins. Co. v Mitchell,* 133 AD2d 210; *cf., Ruffin v State-Wide Ins. Co.,* 56 Misc 2d 179). In order to effectively cancel an assigned risk policy, an insurance company is required to send its insured a notice of cancellation in accordance with Vehicle and Traffic Law § 313 (*see,* New York Automobile Insurance Plan § 18 [2]). Since Allcity's notice to its insured did not conform to the requirements of Vehicle and Traffic Law § 313 and its implementing regulations (*see,* 15 NYCRR 34.6 [b]; *Dunn v Passmore,* 228 AD2d 472), the Supreme Court properly determined that Allcity insured the Isnard vehicle on the date of the accident. Santucci, J. P., Joy, Krausman and Florio, JJ., concur. [*See,* — AD2d —, Sept. 22, 1997.]