In the Matter of EAGLE INSURANCE COMPANY, Appellant, v COBY GERVAIS et al., Respondents. [650 NYS2d 33] —In a proceeding pusuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 11, 1995, which dismissed the petition.

Ordered that the order is affirmed, with one bill of costs to the respondents.

The respondent Coby Gervais was involved in an automobile accident with a vehicle apparently insured by the respondent Electric Insurance Company (hereinafter Electric). Upon learning that Electric had canceled its policy prior to the accident, Gervais brought an uninsured motorist claim against his insurer, the petitioner Eagle Insurance Company, and demanded arbitration. Thereafter, the petitioner commenced the instant proceeding to stay the arbitration, submitting the police report which gave Electric's insurance code for the other vehicle and a Department of Motor Vehicles Registration Record which listed Electric as the insurance carrier of that vehicle. In response, Electric submitted a copy of the notice of cancellation that it had sent to its insured. The Supreme Court found that the cancellation was proper and dismissed the proceeding. The petitioner argues that the court erred in making a summary determination that the cancellation was proper, as it had raised a question of fact on the issue and was entitled to a hearing. We disagree.

While a proper final bill must be mailed to the insured in order to effect cancellation, there is no requirement that the final bill be separate from the notice of cancellation itself. Here, the notice of cancellation contained a proper, final, premium bill (see, New York Automobile Insurance Plan §§ 14, 18). Furthermore, the notice of cancellation was in accordance with Vehicle and Traffic Law § 313, which requires that a statement be included informing the insured that proof of financial security must be maintained, warning of the punitive effects of failing to maintain financial security, and providing information on how to avoid these effects (see, Barile v Kavanaugh, 67 NY2d 392; 15 NYCRR 34.6). Accordingly, the Supreme Court properly determined that Electric's cancellation of its policy was proper and that a hearing was not required. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur. [See, — AD2d —, Sept. 15, 1997.]