■ In the Matter of HOME INDEMNITY COMPANY, Appellant, v PUREZA I. DE MARTINEZ, Respondent, and UNITED COMMUNITY INSURANCE COMPANY et al., Proposed Additional Respondents. [659 NYS2d 892] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals (1) from an order of the Supreme Court, Kings County (G. Aronin, J.), dated January 28, 1993, which denied a stay of arbitration, (2) from a decision of the same court, dated May 10, 1993, and (3) as limited by its brief, from so much of an order of the same court, dated June 22, 1993, as, upon reargument, adhered to the original determination in the order dated January 28, 1993.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the appeal from the order dated January 28, 1993, is dismissed, as that order was superseded by the order dated June 22, 1993, made upon reargument; and it is further,

Ordered that the order dated June 22, 1993, is reversed insofar as appealed from, on the law, the order dated January 28, 1993, is vacated, and the petition to stay arbitration is granted; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The respondent Pureza Idarraga de Martinez's decedent was changing a tire on a vehicle insured by the petitioner, Home Indemnity Company (hereinafter Home), when he was struck and killed by a vehicle owned by the proposed additional respondent P. Dimitriadas. Based on the uninsured motorist endorsement of the Home policy, de Martinez demanded arbitration with Home. Home moved for a stay of arbitration, claiming that Dimitriadas was insured by the United Community Insurance Company (hereinafter United) and that any purported cancellation of the insurance policy issued by United to Dimitriadas for nonpayment of the premium was a nullity.

The Rules of the New York Automobile Insurance Plan § 14 (E) (b) (2) require that the billing notice to the policyholder "include advices that the insured has the option of remitting his premium payment either through his producer [insurance broker] or directly to the company" (see, Matter of Eveready Ins. Co. v Hadzovic, 182 AD2d 818; Matter of Home Indem. Co. v Scricca, 147 AD2d 697; Eveready Ins. Co. v Mitchell, 133 AD2d 210; Home Indem. Ins. Co. v Brugnatelli, 138 Misc 2d 366). Absent strict compliance with these provisions, the

subsequent cancellation is ineffective and the insurance carrier remains liable and obligated to defend claims under the policy (*see, Capra v Lumbermens Mut. Cas. Co.*, 31 NY2d 760, 762; *Matter of Eveready Ins. Co. v Hadzovic, supra*).

Although the billing notice sent by United does show the addresses of both the insurance carrier and the producer (insurance broker) of record, it does not specifically instruct the policyholder that payment may be sent to either. Accordingly, since the billing notice was not in strict compliance with the above-cited rule, the United policy was still in full force and effect on August 28, 1988, the date of the accident. Accordingly, Home's application for a permanent stay should have been granted (*see, Matter of Government Empls. Ins. Co. v Nolan*, 212 AD2d 531; *Eveready Ins. Co. v Mitchell, supra*). Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.