■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v YOUSSEF AHMED et al., Respondents, and METROPOLITAN PROPERTY & LIABILITY CASUALTY INSURANCE COMPANY, Respondent. [663 NYS2d 986] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), entered July 16, 1996, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is stayed.

It is well settled that with regard to the billing for payment or premiums upon assigned risk policies, the rules of the New York Automobile Insurance Plan must be strictly complied with in order for the subsequent cancellation for nonpayment of the premium to be effective *(see, Matter of Government Empls. Ins. Co. v Nolan,* 212 AD2d 531; *Eveready Ins. Co. v Mitchell,* 133 AD2d 210). Here, Metropolitan Property & Liability Casualty Insurance Company (hereinafter Metropolitan) failed to comply with New York Automobile Insurance Plan § 14 (E) (2) (b) in that Metropolitan failed to inform its insured that payment could be rendered "through his producer or directly to the company" (New York Automobile Insurance Plan § 14 [E] [2] [b]). Accordingly, Metropolitan's cancellation of the policy was ineffective, and the Supreme Court should have granted the petitioner's application to stay arbitration of the uninsured motorist claim *(see, Matter of Government Empls. Ins. Co. v Nolan, supra).* Miller, J. P., Thompson, Joy and Luciano, JJ., concur.