■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v COBY GERVAIS et al., Respondents. [662 NYS2d 524] —Motion by the appellant to reargue an appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 11, 1995, which was determined by decision and order of this Court dated November 25, 1996.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated November 25, 1996 (233 AD2d 503), is recalled and vacated, and the following is substituted therefor:

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 11, 1995, which dismissed the petition.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The respondent Coby Gervais was involved in an automobile accident with a vehicle apparently insured by the respondent Electric Insurance Company (hereinafter Electric). Upon learning that Electric had cancelled its policy prior to the accident, Gervais brought an uninsured motorist claim against his

insurer, the petitioner Eagle Insurance Company (hereinafter Eagle), and demanded arbitration. Thereafter, the petitioner commenced the instant proceeding to stay arbitration and submitted both a copy of the police report, which gave Electric's insurance code for the other vehicle, and the Department of Motor Vehicles Registration Record, which listed Electric as the insurance carrier of that vehicle. In response, Electric submitted a copy of the notice of cancellation, which included a final bill that had been sent to its insured. The Supreme Court found that the cancellation was proper and dismissed the proceeding. The petitioner argues that the court erred in making a summary determination that the cancellation was proper, as it raised a question of fact on the issue and was entitled to a hearing. We disagree.

In order to cancel a policy of insurance, an insurer must mail a final premium bill in accordance with the Rules of the New York Automobile Insurance Plan. A proper bill must be mailed at least 15 days prior to the date that payment is due and must state, *inter alia,* the amount of the premium being billed, the due date, and the balance due (New York Automobile Insurance Plan § 14 [E] [2]). In addition, an insurer must send a notice of cancellation which complies with the Rules of the New York Automobile Insurance Plan § 18 (2) and Vehicle and Traffic Law § 313. In order to effectuate a cancellation, a proper final premium bill must have been mailed (*see, Matter of Home Indem. Co. v Scricca,* 147 AD2d 697; *Eveready Ins. Co. v Mitchell,* 133 AD2d 210). There is, however, no requirement, in either the Rules of the New York Automobile Insurance Plan or in the Vehicle and Traffic Law, that the notice of cancellation must be separate from the final bill, only that the actual cancellation be subsequent to the mailing of the final bill, since the premium does not become due and owing until the payment date stated on the final bill (*see, Matter of Home Indem. Co. v Scricca, supra; Eveready Ins. Co. v Mitchell, supra; Home Indem. Ins. Co. v Brugnatelli,* 138 Misc 2d 366).

Eagle argues that the dictum in *Matter of Paramount Ins. Co. v Moctezume* (201 AD2d 652) compels a different result. The holding in *Paramount* is not incompatible with the holding in the case before us, as in *Paramount* the policy cancellation was ineffective owing to the failure of the carrier to prove that a final bill had been sent to the policyholder. To the extent, however, that the dictum in *Paramount* may be read to imply that two separate mailings are required, it should not be followed.

Here, Electric's final premium bill was proper (*see,* New York

Automobile Insurance Law § 14 [E] [2]), and was proven to have been sent. Furthermore, the notice of cancellation was in accordance with Vehicle and Traffic Law § 313, which requires that a statement be included informing the insured that proof of financial security must be maintained, warning of the punitive effects of failing to maintain financial security, and providing information on how to avoid these effects (see, Barile v Kavanaugh, 67 NY2d 392; 15 NYCRR 34.6). Accordingly, the Supreme Court properly determined that Electric's cancellation of its policy was proper and that a hearing was not required. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.