■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v BEVERLY EDWARDS, Respondent. NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Proposed Additional Appellant, et al., Proposed Additional Respondent. [738 NYS2d 95] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the proposed

additional respondent, New York Central Mutual Fire Insurance Company, appeals from an order of the Supreme Court, Westchester County (Friedman, J.H.O.), dated February 5, 2002, which, after a hearing, granted the petition.

Ordered that on the Court's own motion, the notice of appeal from a decision of the same court dated October 25, 2000, is deemed to be a premature notice of appeal from the order (*see*, CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the petitioner-respondent is awarded one bill of costs.

"The Rules of New York Automobile Insurance Plan § 14 (E) (b) (2) require that the billing notice to the policyholder 'include advices that the insured has the option of remitting his [or her] premium payment either through his [or her] producer [insurance broker] or directly to the company'" (*Matter of Home Indem. Co. v de Martinez*, 240 AD2d 580, quoting *Matter of Eveready Ins. Co. v Hadzovic*, 182 AD2d 818). The appellant's premium notice to its insured failed to include such advice, and absent strict compliance with these provisions, the appellant's subsequent cancellation was ineffective and it remained liable under the policy at issue. Thus, the petition to stay arbitration was properly granted (*see*, *Matter of Home Indem. Co. v de Martinez*, *supra*; *Matter of Eveready Ins. Co. v Hadzovic*, *supra*). Santucci, J.P., Feuerstein, S. Miller, Luciano and Adams, JJ., concur.