■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v THEODORE R. PERUCHE et al., Respondents. — In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated March 10, 1982, which, *inter alia,* denied the application.

¶ Judgment affirmed, with costs. ¶ In this proceeding, petitioner Allstate Insurance Company sought a determination as to whether Travelers Insurance Company properly canceled a policy of automobile insurance covering one Mitchell Jackson pursuant to section 313 of the Vehicle and Traffic Law (as amd by L 1978, ch 425), so as to relieve Travelers from its duty to defendant and pay for damages sustained by Theodore R. Peruche, Allstate's insured, who was involved in an accident with Mr. Jackson's automobile. ¶ While Travelers, by common-law proof of timely mailing of the notice of cancellation, established that the policy was canceled approximately nine months prior to the date of accident (see *Nassau Ins. Co. v Murray,* 46 NY2d 828), Allstate nevertheless contends that the failure of Travelers to obtain a certificate of mailing endorsed by the postal service vitiated the effect of that notice, in that the obtaining of such certificate was a condition precedent to effective cancellation. ¶ Clearly, that was not the legislative intent of section 313 of the Vehicle and Traffic Law (*Holmes v Utica Mut. Ins. Co.,* 92 AD2d 1045, 1046; *Felician v State Farm Mut. Ins. Co.,* 113 Misc 2d 825). While obtaining a properly endorsed certificate of mailing, which is retained in the regular course of business by the insurer, together with the notice of cancellation, creates a conclusive presumption vis-à-vis mailing of the notice of cancellation, and thus eases the insurer's burden of proof, the failure to either obtain or retain the certificate of mailing or the loss of the certificate would not vitiate the cancellation of the policy of insurance, but would only relegate the insurer to common-law proof to establish timely cancellation. Thompson, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.