■ In the Matter of LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent, v JOSE MEDINA, Appellant.—In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from (1) a judgment of the Supreme Court, Queens County (Goldstein, J.), dated December 22, 1983, which, *inter alia,* granted the application, and (2) an order of the same court, dated June 20, 1984, which denied appellant's motion, denominated a motion to renew, but which was, in fact, a motion for reargument. The appeal from the judgment brings up for review so much of an order of the same court, dated September 18, 1985, and based on a decision dated February 27, 1984, as, upon reargument, adhered to its original determination.

Appeal from the judgment dismissed. Said judgment was superseded by the order dated September 18, 1985, made upon reargument.

Order dated September 18, 1985 affirmed, insofar as reviewed.

Appeal from the order dated June 20, 1984 dismissed. No appeal lies from an order denying reargument.

Petitioner is awarded one bill of costs.

Appellant Medina was involved in an automobile accident with an uninsured motorist on October 16, 1980, and he served a demand for arbitration upon the petitioner on December 22, 1982. He had been insured by petitioner under a policy issued on August 13, 1980, as an assigned-risk driver under the New York Automobile Insurance Plan. Petitioner

sought a stay of arbitration on the ground that the appellant's policy had been effectively canceled for nonpayment of premiums on October 13, 1980, three days before the accident. By order of Special Term (Kunzeman, J.), arbitration was stayed pending a determination on the issue of coverage. At an initial hearing, petitioner's witness testified about the mailing procedures used in notifying the insured of termination of coverage, which procedures included the creation of a certificate of mailing. That testimony did not include any mention of whether the appellant's broker had also been notified of the cancellation as required by Rules of the New York Automobile Insurance Plan § 18 (3). In the judgment appealed from, Trial Term ordered a permanent stay of arbitration, finding that the petitioner was in full compliance with the notification requirements of Vehicle and Traffic Law § 313, and also finding that the broker notification requirement of the Automobile Insurance Plan was not yet in effect on the date of the insured's cancellation. The appellant moved for reargument because Trial Term had misapprehended the date that the broker notification requirement went into effect. Trial Term granted reargument and permitted the petitioner to present a second witness who testified about the procedures followed in notifying the insured's broker of cancellation. Finding those procedures sufficient to establish effective cancellation, Trial Term adhered to its original determination. The appellant then brought another motion, denominated as a motion to renew but which was, in fact, a motion for reargument, claiming that the petitioner's notice of cancellation form failed to strictly comply with the review and appeal notification requirements of Rules of the New York Automobile Insurance Plan § 19 because the insurer in its notice stated that such an appeal must be taken "within 15 days of the date of this notice". That motion was denied as untimely.

Before the petitioner could be granted a stay of arbitration, it had to prove that the appellant's policy was properly canceled before the date of the accident (see, Viuker v Allstate Ins. Co., 70 AD2d 295). As to the insured, the petitioner supplied a certificate of mailing, prepared by the carrier and stamped by the post office, which was conclusive proof of compliance with the termination notice mailing requirements under Vehicle and Traffic Law § 313 (see, Diaz v Great Am. Ins. Co., 109 AD2d 775; Holmes v Utica Mut. Ins. Co., 92 AD2d 1045). The petitioner's procedures were also sufficient common-law proof of mailing to the insured since there was evidence an employee checked the names and addresses on

the insured's envelopes against a master list before the envelopes were posted (see, Matter of Allstate Ins. Co. v Peruche, 100 AD2d 935; Anzalone v State Farm Mut. Ins. Co., 92 AD2d 238). Trial Term was, therefore, correct in granting the petitioner a permanent stay of arbitration since the petitioner proved that the appellant's policy was effectively canceled on October 13, 1980, three days prior to the accident.

The argument that the procedures followed in mailing the copy of the notice of cancellation to the insured's broker did not strictly comply with the Vehicle and Traffic Law is of no avail to the appellant. Rules of the New York Automobile Insurance Plan § 18 (3) requires the insurer only to "furnish" a "copy" of the notice of cancellation to the producer of record when a policy is canceled for nonpayment of premiums. The section does not make the insured's cancellation conditional upon notification of the broker, nor does it prescribe the manner by which the copy is to be furnished to the broker. There is no requirement that notice to the broker comply with the provisions of the Vehicle and Traffic Law. In any case, Trial Term was correct in finding that there was appropriate and proper mailing to the broker.

Appellant's motion for renewal was, in fact, a motion for reargument, since the appellant was attempting to introduce a new legal argument which was readily available to him at the initial hearing (see, Foley v Roche, 68 AD2d 558). No appeal lies from an order denying reargument. Therefore, the appeal from the order dated June 20, 1984 must be dismissed. Nevertheless, we note that the petitioner's notice of cancellation was adequate to inform the insured of the existence of a procedure for review and appeal, despite the inclusion of a statement that the insured had only 15 days to do so (see, Matter of State Farm Mut. Auto. Ins. Co. [Ramos—Eveready Ins. Co.], 104 AD2d 495). Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.