■ FEDERAL INSURANCE COMPANY, Appellant, v ALFONSO K. KIMBROUGH et al., Respondents.—In a proceeding to stay arbitration on an uninsured motorist claim, petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered November 7, 1984, which denied its application.

Judgment reversed, on the law, with costs payable by respondent Lumberman's Mutual Casualty Company, petitioner's application granted, and arbitration permanently stayed.

It is incumbent upon an insurer which has disclaimed insurance coverage to come forward with proof that it had validly canceled the policy prior to the date of the accident *(see, Matter of American Sec. Ins. Co. [Novoa],* 97 AD2d 541, 542). The insurer can satisfy that burden by presenting evidence of an office practice geared to insure the likelihood that a notice of cancellation is always properly addressed and mailed *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 830; *Anzalone v State Farm Mut. Ins. Co.,* 92 AD2d 238). In the instant case, the sole witness to testify at the hearing was an underwriter employed by the respondent insurer who had no personal knowledge of or participation in its mailing procedures. Under the circumstances, there is insufficient proof on the record to support a conclusion that the policy issued by respondent insurer on behalf of Cebage Taxi, the owner of the vehicle involved in the collision, had been properly canceled

prior to the date of the accident. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.