■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v JUDY HOROWITZ et al., Respondents.—In a proceeding pursuant to CPLR 7503 to stay the arbitration of an uninsured motorist claim, the petitioner Liberty Mutual Insurance Company appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered September 18, 1985, which, after a hearing, inter alia, dismissed the petition and denied the application.

Order reversed, on the law and the facts, with costs, and application to stay arbitration granted.

At the hearing to determine whether arbitration of the claimant-respondent Judy Horowitz's uninsured motorist claim should be stayed, the petitioner, Liberty Mutual Insurance Company, offered proof from the New York State Department of Motor Vehicles (FS-25 and DP-37 forms) that the alleged offending car, owned by one Clifford Hamilton, was

insured by the additional respondent Aetna Casualty & Surety Co. (hereinafter Aetna). A prima facie case of coverage having been established, the burden of proof shifted to Aetna as the purported insurer to prove that the vehicle in question was never insured or that the insurance had been canceled *(see, Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029). Based upon a review of the record, Aetna failed to sustain its burden of rebutting the prima facie case presented by the petitioner. Aetna submitted insufficient proof with respect to the search efforts at the assigned risk policy records office and the actual source or basis of the information relayed by that office to Aetna as to whether Aetna's policy covering Hamilton had been canceled.

Aetna's claim of cancellation was also not supported by proof of mailing or by a copy of the notice of cancellation as both of these items had been destroyed *(see, Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979, 980). In addition, no common-law proof of a regular office practice of mailing was presented to show a timely and proper cancellation *(cf. Nassau Ins. Co. v Murray,* 46 NY2d 828, 829; *Matter of Allstate Ins. Co. v Peruche,* 100 AD2d 935, 936). Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.