■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v SHEILA F. TAYLOR, Appellant, et al., Respondents.—In a proceeding to stay the arbitration of an uninsured motorist claim, Sheila Taylor appeals (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), entered February 22, 1988, which, upon her default in appearing at a nonjury trial, granted the motion of the petitioner State Farm Mutual Automobile Insurance Company for a permanent stay of arbitration, and (2) from an order of the same court dated May 3, 1988, which denied her motion to vacate the order and judgment.

Ordered that the appeal from the order and judgment is dismissed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the petitioner-respondent is awarded one bill of costs.

The appeal from the order and judgment entered February 22, 1988, must be dismissed as no appeal lies from an order and judgment entered upon the appellant's default *(see,* CPLR 5511; *see, Matter of Mitcham v Mitcham,* 125 AD2d 473).

Contrary to the appellant's contentions, the court did not err in denying her motion to vacate the order and judgment entered February 22, 1988, permanently staying arbitration of her uninsured motorist claim. At the trial, at which the appellant did not appear, it was established that the respon-

dent Interboro Mutual Insurance Company (hereinafter Interboro) had conceded coverage of its insured April Martinez whose automobile struck the appellant's automobile. Because there was no uninsured motorist claim to arbitrate, the court properly stayed arbitration and did not improvidently exercise its discretion in denying the appellant's motion to vacate the default in appearing at the trial *(see, Matter of Lumbermens Mut. Cas. Co. v Medina,* 114 AD2d 959). In the event that Interboro successfully disclaims coverage of its insured, the appellant may then seek to vacate the stay of arbitration *(see, Matter of Allstate Ins. Co. v Giordano,* 108 AD2d 910, *affd* 66 NY2d 810). Until such a contingency occurs, the stay of arbitration need not be disturbed. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.