■ In the Matter of INSURANCE COMPANY OF NORTH AMERICA, Appellant, v CATALINA CASTILLO et al., Respondents.▬

On December 25, 1985, the claimant Catalina Castillo was a passenger in an automobile being operated by one Bert Bustamante who was insured by petitioner Insurance Company of North America (hereinafter INA). That automobile was struck from behind by a car operated by David Billingslea which was allegedly insured by the respondent Home Indemnity Company. As there apparently was some confusion surrounding Mr. Billingslea's insurance status, the claimant demanded arbitration against INA pursuant to the uninsured motorist endorsement in Mr. Bustamante's policy. INA commenced the instant proceeding to stay arbitration upon discovering that Mr. Billingslea's automobile was apparently insured by Home Indemnity Company.

A "framed issue trial" was held before the Supreme Court at which "the preliminary issue of whether the vehicle allegedly responsible for the accident was insured" was to be decided. INA offered into evidence documents from the New York State Department of Motor Vehicles establishing that at the time of the accident Mr. Billingslea's automobile was in fact insured by Home Indemnity Company. Home Indemnity Company then moved to dismiss the proceeding as against it, citing an alleged dearth of evidence that Mr. Billingslea, its alleged insured, was in fact involved in the accident in which the claimant Castillo was injured. The court granted the motion and we now reverse.

It is well settled that in a proceeding to stay the arbitration of an uninsured motorist claim, the claimant's insurer, in this case INA, bears the initial burden of proving that the offending vehicle was in fact insured at the time of the accident (see, Matter of Liberty Mut. Ins. Co. v Horowitz, 121 AD2d 634). This burden may be met, inter alia, by the introduction of forms FS-25 or DP-37 from the New York State Department of Motor Vehicles (see, Matter of Liberty Mut. Ins. Co. v Horowitz, supra; see also, Matter of Prudential Prop. & Cas. Ins. Co. [Pacenza—Sentry Ins. Co.], 120 AD2d 736; Matter of Wausau

*Ins. Co. v Predestin,* 114 AD2d 900). Form DP-37 was received in evidence in the proceeding at bar. Thereafter, the burden is on the party seeking to disclaim coverage to prove that the vehicle was not insured at the time of the accident *(see, Federal Ins. Co. v Kimbrough,* 116 AD2d 692).

In the instant proceeding, Home Indemnity Company chose to contest the adequacy of the proof that the allegedly offending vehicle was in fact the one involved in the alleged collision. However, that issue was not before the court. Rather, the narrow issue to be decided was whether or not the motorist was actually insured *(see, Matter of Lion Ins. Co. [Clutchker],* 58 AD2d 811). The question of whether or not the Billingslea vehicle was involved in the accident will be resolved either at arbitration, if Home Indemnity Company successfully disclaims coverage, or in the course of an action against Mr. Billingslea, if the policy of Home Indemnity Company was in effect at the time of the accident *(see, Matter of American Sec. Ins. Co. [Novoa],* 97 AD2d 541; *cf., Matter of Metropolitan Prop. & Liab. Co. v Pisanelli,* 151 AD2d 761, 763). The Supreme Court erroneously dismissed INA's petition on a ground not properly before the court and never raised by Home Indemnity Company in any pleading. Thus, the matter is remitted to the Supreme Court, Nassau County, for a hearing de novo. Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.