■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Appellant, v FRANCOIS MICHEL, Respondent, and STATE FARM INSURANCE COMPANY et al., Additional Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered March 20, 1989, which, after a hearing, denied its application for a permanent stay of arbitration and directed it and the respondent Francois Michel to proceed to arbitration.

Ordered that the order is affirmed, with one bill of costs payable to the respondents Michel and State Farm Insurance Company appearing separately and filing separate briefs.

The petitioner Colonial Penn Insurance Company issued an automobile liability insurance policy to the respondent Francois Michel which was in effect on May 7, 1988, the date upon which he was involved in a motor vehicle accident with an allegedly uninsured motorist. Pursuant to this policy, Michel thereafter served upon the petitioner a demand for arbitration. The petitioner subsequently requested a stay of arbitration claiming, *inter alia,* that there was a question of whether or not the offending vehicle was insured by State Farm Insurance Company on the date of the accident.

At the hearing, the evidence submitted included the police report and a DP37 form from the New York State Department of Motor Vehicles which indicated that the allegedly offending

vehicle identified in the police report was insured by State Farm Insurance Company. The insured Francois Michel testified with respect to the happening of the accident but was unable to state the license plate number of the offending vehicle. The hearing court found that the petitioner failed to prove that the offending vehicle was insured at the time of the accident and directed the parties to proceed to arbitration.

The basis for the identification of the subject vehicle insured by State Farm Insurance Company as the one involved in the accident in question, which is contained in the police report, is not set forth. Contrary to the petitioner's contention, no testimony or other evidence was offered that the information in the police report identifying the allegedly offending vehicle was based on the reporting officer's observations at the scene. In addition to the fact that the reporting officer did not testify, the petitioner's insured described the offending vehicle as a "total loss" and he could not recall if it had license plates.

Without the benefit of any such testimony, the DP37 report was insufficient to establish that the offending vehicle was insured (see, *Matter of Peerless Ins. Co. v Milloul,* 140 AD2d 346; *Murray v Donlan,* 77 AD2d 337, 342-347). Therefore, under the circumstances, the application for a stay of arbitration was properly denied. Mangano, P. J., Lawrence, Kunzeman and Eiber, JJ., concur.