■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent. HOWARD DYE, Respondent, METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Appellant.—In a proceeding to permanently stay arbitration of an uninsured motorist claim, Metropolitan Property and Liability Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Di Noto, J.), dated October 19, 1988, which, after a hearing, granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application is denied, and the petitioner is directed to proceed to arbitration.

As the party seeking to stay arbitration, it was incumbent upon the petitioner to establish that the offending vehicle was insured by the appellant. Once the petitioner established a prima facie case, the burden shifted to the appellant to come forward with evidence to demonstrate otherwise (see, Matter of Empire Mut. Ins. Co. [Greaney—National Union Fire Ins. Co.], 156 AD2d 154; Eveready Ins. Co. v Blackett, 148 AD2d 413).

Even assuming that the petitioner satisfied its burden (see, Matter of Colonial Penn Ins. Co. v Michel, 163 AD2d 307; Matter of Peerless Ins. Co. v Milloul, 140 AD2d 346), the record shows that the appellant presented sufficient evidence to rebut that showing. Its underwriter testified that the purported policy number was not one issued by the appellant and that he conducted an exhaustive search of the company's files which disclosed that no policy of insurance was ever issued to the offending vehicle (see, Matter of Empire Mut. Ins. Co.

*[Greaney—National Union Fire Ins. Co.], supra; cf., Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893; *Nassau Ins. Co. v Minor,* 72 AD2d 576; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979). Thus, the Supreme Court erred in granting the petitioner's application to stay arbitration. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.