■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Respondent, v WILLIAM McMICHAEL, Respondent, and PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR 7503 to stay the arbitration of an uninsured motorist claim, Prudential

Property and Casualty Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated November 15, 1989, as upon reargument, adhered to an original determination made in a judgment of the same court, dated July 5, 1989, which, after a hearing, granted the petitioner's application.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 16, 1988, William McMichael was injured in a collision involving a vehicle in which he was a passenger and which was owned by Maurice Scott and operated by Michael Gadson, and another vehicle owned and operated by Kevin Kane. The police accident report indicated that Kane's vehicle, a 1976 Mercury Monarch, was insured, and code 999, the number assigned to the New York Automobile Insurance Plan (hereinafter NYAIP), was entered in the insurance code box by the police officer making the report.

On January 11, 1989, McMichael's attorneys served a demand for arbitration upon the petitioner, Aetna Casualty and Surety Company (hereinafter Aetna), which had issued a policy of insurance covering Scott's vehicle. McMichael sought to avail himself of the uninsured motorist benefits endorsement on the Aetna policy. On January 31, 1989, Aetna commenced the instant proceeding to stay arbitration, claiming that the Kane vehicle was insured by Prudential Property and Casualty Insurance Company (hereinafter Prudential). On or about June 2, 1989, Aetna moved to add Prudential as an additional respondent. Annexed to Aetna's motion papers was a letter from the NYAIP indicating that Prudential was the assigned risk carrier of Kane's vehicle. The court granted Aetna's motion and made Prudential a party to the proceeding.

On July 5, and 6, 1989, the court held the hearing to determine whether Kane's vehicle, the 1976 Mercury Monarch, was insured by Prudential. Evidence adduced at the hearing, particularly from the broker of the insurance policy, indicated that the broker submitted to Prudential an application for a policy on September 4, 1987, to cover Kane's 1971 Ford. The policy was to become effective on September 10, 1987, with an expiration date of September 10, 1988. On September 8, 1987, two days before the policy's effective date, the broker sent a request to Prudential to replace the Ford with the 1976 Mercury Monarch. Prudential then issued a policy number 183X629024 and Kane paid the initial pre-

mium. On July 6, 1989, the court permanently stayed arbitration, rejecting Prudential's claim that Aetna had failed to establish a prima facie case that Prudential had insured the Mercury. On reargument, the court adhered to its original determination. We now affirm.

"It is well settled that in a proceeding to stay the arbitration of an uninsured motorist claim, the claimant's insurer, in this case [Aetna] bears the initial burden of proving that the offending vehicle was in fact insured at the time of the accident" *(Matter of Insurance Co. v Castillo,* 158 AD2d 691, 692; *see also, Matter of Liberty Mut. Ins. Co. v Horowitz,* 121 AD2d 634). In the case at bar, Aetna submitted a letter from NYAIP showing an assignment to Prudential. The letter resulted from Aetna's investigation of a police accident report indicating that the Mercury was insured. Additionally, the testimony of the broker revealed that two days before the policy became effective, he made a request for the Mercury to be added and the 1971 Ford to be deleted. Kane then paid the initial premium and Prudential issued the policy on September 10, 1987. In these circumstances, Aetna established prima facie that Prudential's insurance coverage for the Mercury was in effect at the time of the accident. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.