■ In the Matter of WORLDWIDE UNDERWRITERS INSURANCE COMPANY, Appellant, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent, and STEPHEN GREEN et al., Respondents.— In a proceeding pursuant to CPLR 7503 to stay the arbitration of an uninsured motorist claim, the petitioner Worldwide Underwriters Insurance Company appeals from an order of the Supreme Court, Nassau County (Burstein, J.), dated May 30, 1989, which, *inter alia*, dismissed its petition and directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and arbitration is permanently stayed.

We agree with the petitioner Worldwide Underwriters Insurance Company (hereinafter Worldwide) that the Supreme Court erroneously concluded that Lumbermens Mutual Casualty Company (hereinafter Lumbermens) established by competent evidence that it had canceled the automobile insurance policy issued to its insured Willie Ellerbee prior to the date of the accident in which Worldwide's insured, Stephen Green, was injured. At the "framed issue trial" *(see, Matter of Insurance Co. v Castillo,* 158 AD2d 691) stipulated to by the parties to determine which of the two companies would be liable for the injuries to Worldwide's insured, Lumbermens alleged that it had canceled the policy of insurance for Mr. Ellerbee effective March 8, 1982, more than four months prior to the the date of the automobile accident at issue.

In support of its claim of cancellation, Lumbermens presented the testimony of Karen Welch, an assigned risk technician employed by the Kemper Group. Ms. Welch explained that Lumbermens did not have a copy of the notice of cancellation it purportedly mailed to Mr. Ellerbee, as the file had been destroyed in accordance with standard office procedures, after three years of inactivity. Instead, Lumbermens offered into evidence a "cancellation mailing register" indicating that on February 11, 1982, 263 pieces of mail were received by the post office, including one piece addressed to Willie Ellerbee at an address on Francis Lewis Boulevard in Queens. According to Ms. Welch, this mailing was of a cancellation notice. Ms. Welch acknowledged, however, that the certificate of mailing did not reflect whether the alleged notice to Mr. Ellerbee was received by him, nor did it prove the contents of the mailing.

Ms. Welch also produced a specimen cancellation notice typical of those used by Lumbermens in 1982. This document

was received in evidence, and testimony was received as to Lumbermens' mailing practices generally, in an attempt to establish that delivery had been effectuated. Notably, no testimony was heard as to the reason for Lumbermens' cancellation of Mr. Ellerbee's policy.

Upon the foregoing proof, the Supreme Court found that Lumbermens had properly notified its insured of the cancellation of his policy of automobile insurance, and directed that arbitration proceed. As we do not agree with the Supreme Court's assessment of the adequacy of Lumbermens' proof of cancellation, we now reverse.

It is apparent from the record that Worldwide met its initial burden of establishing that Mr. Ellerbee had, at a time prior to the accident, been insured by Lumbermens (see, Matter of Liberty Mut. Ins. Co. v Horowitz, 121 AD2d 634). Thus, at the "framed issue trial", the burden was on Lumbermens, as the company seeking to disclaim coverage, to establish by competent evidence that it had properly canceled its insured's policy prior to the date of the accident (see, Federal Ins. Co. v Kimbrough, 116 AD2d 692; Matter of Wassau Ins. Co. v Predestin, 114 AD2d 900). In this regard, Vehicle and Traffic Law § 313 (1) (a) provides that a policy cannot be terminated unless at least 20 days prior to the purported termination date, notice of termination is mailed to the named insured by regular mail, at the address shown on the policy. A certificate of mailing endorsed by the post office must also be produced. The notice must state the time and date of termination and the notice must further state, in at least 12-point type, that proof of financial security must be maintained throughout the registration period (see, Vehicle and Traffic Law § 313 [1] [a]). Vehicle and Traffic Law § 313 (1) (b) provides that every insurer must retain a copy of the notice of termination and certificate of mailing, which, when kept in the regular course of business, shall constitute conclusive proof of compliance with the mailing procedures of Vehicle and Traffic Law § 313 (1) (a).

By failing to retain a copy of the notice of cancellation purportedly mailed to Mr. Ellerbee, Lumbermens was unable to offer the conclusive proof of mailing required by statute. Nevertheless, Lumbermens still possessed the ability to prove cancellation via common-law proof (see, Matter of Lumbermens Mut. Cas. Co. v Medina, 114 AD2d 959; Matter of Allstate Ins. Co. v Peruche, 100 AD2d 935).

In contending that the certificate of mailing and accompanying testimony constituted sufficient common-law proof, Lum-

bermens relies almost exclusively upon this court's decision in *Bullock v Hanover Ins. Co.* (144 AD2d 416). This reliance is, however, misplaced. A review of the record in that case indicates that the equivalent of a copy of the notice of cancellation was produced at the hearing. Hanover Insurance Company produced a specimen of the notice of cancellation along with a microfiche copy of the materials *actually inserted* in the notice sent to its insured. We found that the provisions of Vehicle and Traffic Law § 313 (1) (a) had been satisfied. We also found that the common-law proof of cancellation was sufficient *(see, Bullock v Hanover Ins. Co., supra,* at 417). Similarly unavailing is Lumbermens' reliance upon *Duhs v Royal Globe Ins. Co.* (63 AD2d 992), as, in that case as well, a copy of the notice of cancellation was offered into evidence at the hearing.

In the case at bar, Lumbermens did not establish, by competent evidence, that an appropriate notice of cancellation was mailed to its insured prior to its purported cancellation of his policy. We do not hold today that cancellation can never be proven absent the production of a copy of the notice of cancellation. However, it is well settled that "a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a)" *(Barile v Kavanaugh,* 67 NY2d 392, 399). In this case it is clear that Lumbermens' failure to proffer a copy of the notice of cancellation mailed to Mr. Ellerbee, or other competent proof of its contents, precludes a finding that Lumbermens effectively canceled the policy of its insured prior to the date of the accident. Accordingly, we reverse the order of the Supreme Court and grant the petition staying arbitration. Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.