■ Allstate Insurance Company, Appellant, v Evelyn Rock et al., Respondents.—Judgment, Supreme Court, New York County (Carol Huff, J.), entered on or about September 18, 1991, which denied the petitioner's motion for a permanent stay of arbitration, unanimously reversed and the motion is granted, with costs to be paid by Aetna Insurance Co.

After an accident on September 17, 1988, the respondent, Evelyn Rock, demanded arbitration for uninsured motorist benefits. The petitioner, her insurance carrier, moved for an order permanently staying arbitration on the ground that there was no arbitrable controversy since the offending vehi-

cle, purportedly owned by Michael Garcia, was insured by the respondent Aetna Insurance Company.

The Supreme Court erred in denying the petitioner's motion for a permanent stay of the arbitration demanded by its assured. The petitioner met its burden of proving the identity of the owner of the offending vehicle and that it was insured at the time of the accident by offering, without objection, a certified copy of a police report and the testimony of Ms. Rock, who was able to recall the license plate number of the automobile which struck her *(see, Matter of Aetna Cas. & Sur. Co. v McMichael,* 176 AD2d 315; *Matter of Nationwide Ins. Co. [Dye—Metropolitan Prop. & Liab. Ins. Co.],* 170 AD2d 683). The report and Ms. Rock's testimony established that the owner of the offending vehicle was Mr. Garcia. Aetna conceded that it insured Mr. Garcia on the date of the accident.

In contrast, the respondent Aetna produced no evidence to demonstrate that the offending vehicle was not registered to Mr. Garcia or that the vehicle was driven without his consent *(Carter v Travelers Ins. Co.,* 113 AD2d 178; *Matter of Allstate Ins. Co. v McGouey,* 42 AD2d 730; *cf., Matter of State-Wide Ins. Co. v Valdes,* 173 AD2d 624).

Accordingly, the judgment is reversed and the motion to permanently stay arbitration is granted. Concur—Carro, J. P., Rosenberger, Kupferman, Kassal and Smith, JJ.