■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v BETH TICHMAN et al., Respondents.—In a proceeding pursuant to CPLR 7503 to stay the arbitration of an uninsured motorist claim, the petitioner Eagle Insurance Company appeals from an order of the Supreme Court, Nassau County (Colby, J.), dated July 12, 1990, which denied the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, and that branch of the petitioner's applica-

tion which was for a temporary stay of arbitration is granted; and it is further,

Ordered that the branch of the petition which was to add State Farm Mutual Automobile Insurance Company as a respondent is granted; and it is further,

Ordered that appellant Eagle Insurance Company shall serve State Farm Mutual Automobile Insurance Company with a copy of its notice of petition, petition and supporting papers within 30 days after service by the respondent Beth Tichman upon Eagle Insurance Company of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

On September 8, 1986, the respondent Beth Tichman's 1973 Chevrolet was involved in a collision with a 1974 Oldsmobile owned by the respondent Maria Aguilera. Tichman's Chevrolet was covered by a policy of motor vehicle liability insurance issued by the petitioner Eagle Insurance Company (hereinafter Eagle). It is alleged that on the date of the accident, Aguilera's Oldsmobile was insured by the respondent State Farm Mutual Automobile Insurance Company (hereinafter State Farm).

Following the accident, Tichman commenced an action in the Civil Court of the City of New York, Small Claims Part, to recover property damages to her vehicle. She ultimately obtained a default judgment against Ms. Aguilera in the sum of $1,170.43. Believing that State Farm insured the Aguilera vehicle, Tichman attempted to enforce her small claims default judgment against State Farm. By a handwritten letter on a "CLAIM-GRAM" form, State Farm denied coverage of the Aguilera vehicle on the date of the accident.

Unable to satisfy the judgment against Ms. Aguilera or her alleged insurer, Tichman thereafter demanded arbitration against her insurer, Eagle, pursuant to the standard uninsured motorist endorsement on her policy, claiming to have sustained personal injuries. Eagle responded by commencing the instant proceeding for a stay of arbitration.

In its petition, Eagle asserted that the arbitration of Tichman's entitlement to uninsured motorist benefits should be stayed because the Aguilera vehicle was insured by State Farm on the date of the accident. In support of its petition, Eagle submitted, *inter alia*, a copy of a Department of Motor Vehicles Form DP-37 "Registration Plate Record", indicating

that State Farm did insure Aguilera's 1974 Oldsmobile on the date of the accident. Eagle, which served a copy of its notice and petition and supporting papers on State Farm by certified mail, requested that the court join State Farm as an additional respondent, and at least grant a temporary stay of arbitration pending a hearing. State Farm submitted no answer or papers opposing Eagle's request for a stay. Tichman opposed Eagle's application for a stay, arguing in effect, on behalf of State Farm, that State Farm had denied coverage of the Aguilera vehicle. In support of her position, Tichman submitted, *inter alia,* a copy of the "CLAIM-GRAM" mailed to her by State Farm disclaiming coverage in response to her attempt to enforce the small claims default judgment.

On these papers, the Supreme Court denied Eagle's application for stay of arbitration. We now reverse. "It is well settled that in a proceeding to stay the arbitration of an uninsured motorist claim, the claimant's insurer * * * bears the initial burden of proving that the offending vehicle was in fact insured at the time of the accident *(see, Matter of Liberty Mut. Ins. Co. v Horowitz,* 121 AD2d 634). This burden may be met, *inter alia,* by the introduction of forms FS-25 or DP-37 from the New York State Department of Motor Vehicles *(see, Matter of Liberty Mut. Ins. Co. v Horowitz, supra; see also, Matter of Prudential Prop. & Cas. Ins. Co. [Pacenza—Sentry Ins. Co.],* 120 AD2d 736; *Matter of Wausau Ins. Co. v Predestin,* 114 AD2d 900). Form DP-37 was received in evidence in the proceeding at bar. Thereafter the burden is on the party seeking to disclaim coverage to prove that the vehicle was not insured at the time of the accident *(see, Federal Ins. Co. v Kimbrough,* 116 AD2d 692)" *(Matter of Insurance Co. v Castillo,* 158 AD2d 691, 692-693). In the instant case, Tichman, as the party seeking to resist a stay of arbitration, bore the burden of rebutting Eagle's prima facie showing based upon the Form DP-37 that it proffered. The handwritten "CLAIM-GRAM" she submitted did not conclusively establish that the Aguilera vehicle was not insured by State Farm on the date of the accident and the court erred by so holding. However, at a minimum, the evidence before the court gave rise to an issue of fact as to whether or not State Farm insured the Aguilera vehicle on the date of the accident. A hearing is thus warranted.

Clearly, Eagle cannot, on this record, be required to submit to arbitration of an uninsured motorist claim, having proffered prima facie proof that State Farm insured the Aguilera vehicle. Equally clear, however, is that Tichman should not

bear a loss which may have been covered by an insurance policy issued by State Farm. Thus, once it is properly served *(see, Lumbermens Mut. Cas. Co. v Oliphant,* 152 AD2d 541), State Farm as the insurer seeking to disclaim coverage may proffer whatever proof it has to rebut Eagle's prima facie showing of insurance coverage. Pending State Farm's submission of an answer and any further hearing that the court deems necessary, arbitration of the uninsured motorist claim against Eagle is hereby stayed. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.