■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v MARIE J. FENELON et al., Respondents, and COLONIAL PENN INSURANCE COMPANY, Appellant. In the Matter of JEAN M. PERSONNA, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and COLONIAL PENN INSURANCE COMPANY, Appellant. [608 NYS2d 709] —In (1) a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist claim (Proceeding No. 1), and (2) a related proceeding pursuant to CPLR 7503 to compel the arbitration of an uninsured motorist claim (Proceeding No. 2), Colonial Penn Insurance Company appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated February 14, 1992, which, after a joint hearing and decision by the same court (Groh, J.), *inter alia,* granted the petition in Proceeding No. 1, and dismissed the petition in Proceeding No. 2 insofar as it is asserted against State Farm Mutual Automobile Insurance Company, and declared that the appellant did insure the alleged uninsured motor vehicle involved in the accident in question.

Ordered that the judgment is affirmed, with costs to State Farm Mutual Automobile Insurance Company.

As the party seeking to stay arbitration in these proceedings, State Farm Mutual Automobile Insurance Company (hereinafter State Farm) bore the initial burden of proving at the framed issue hearing that the alleged offending vehicle was insured *(see, Matter of Aetna Cas. & Sur. Co. v McMichael,* 176 AD2d 315; *Matter of Nationwide Ins. Co. [Dye— Metropolitan Prop. & Liab. Ins. Co.],* 170 AD2d 683; *Matter of Insurance Co. v Castillo,* 158 AD2d 691). Contrary to the appellant's claim, State Farm met its burden by introducing into evidence a copy of the "Registration Plate Record" from the New York State Department of Motor Vehicles, which indicated that the appellant insured the offending vehicle at the time of the accident *(see, Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884; *Matter of Insurance Co. v Castillo, supra; Matter of Liberty Mut. Ins. Co. v Horowitz,* 121 AD2d 634).

Once State Farm presented a prima facie case, the burden shifted to the appellant insurance company, as the party seeking to disclaim coverage, to prove that it did not insure the offending vehicle at the time of the accident *(see, Matter of Insurance Co. v Castillo, supra).* Upon our review of the record, we find that the appellant failed to sustain its burden. In this regard, we note that although the Registration Plate Record contained no indication that an assigned risk rather than a voluntary policy had been issued to the offending vehicle, the appellant's underwriter searched only the company's assigned risk files before concluding that the appellant did not insure the offending vehicle prior to the accident. Under these circumstances, we perceive no reason to disturb the Supreme Court's finding that the appellant insured the offending vehicle on the date of the accident *(cf., Matter of Nationwide Ins. Co. [Dye—Metropolitan Prop. & Liab. Ins. Co.], supra).* Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.