■ In the Matter of STATE-WIDE INSURANCE COMPANY, Respondent, v WILFREDO MORALES et al., Respondents, LIBERTY MUTUAL INSURANCE Co., Appellant, et al., Respondents. [614 NYS2d 146] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), dated June 19, 1992, which granted the petition and directed Liberty Mutual to defend its insured M.P. Auto Rental.

Ordered that the judgment is reversed, on the law, with costs payable by petitioner-respondent, the petition is denied,

and State-Wide Insurance Company and its insured Wilfredo Morales are directed to proceed to arbitration.

It is well-settled that an insurer seeking a stay of arbitration of an uninsured motorist claim has the burden of going forward to establish that the offending vehicle was insured at the time of the accident *(see, Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884; *Matter of Aetna Cas. & Sur. Co. v McMichael,* 176 AD2d 315; *Matter of Nationwide Ins. Co. [Dye-Metro. Prop. & Liab. Ins. Co.],* 170 AD2d 683; *Matter of Insurance Co. v Castro,* 163 AD2d 313; *Matter of Insurance Co. v Castillo,* 158 AD2d 691). Once an insurer establishes a prima facie case, the burden shifts to the party opposing the stay to come forward with evidence to the contrary *(see, Matter of Nationwide Ins. Co. [Dye-Metro. Prop. & Liab. Ins. Co.], supra; Matter of Insurance Co. v Castillo, supra).*

In the case at bar it is undisputed that the vehicle insured by the respondent, Liberty Mutual Insurance Company (hereinafter Liberty) was reported to the police as stolen three days prior to the happening of the accident and after the term of the rental agreement expired without the vehicle's return. Moreover, at the time of the accident, the vehicle, which had been rented under false pretenses, was apparently being driven by someone other than the individual who rented the car. Under these circumstances, Liberty met its burden of establishing that the car was being driven without the owner's consent when the accident took place and thus was uninsured *(see, Matter of Utica Mut. Ins. Co. [Lahey—Liberty Mut. Ins. Co.],* 95 AD2d 150; *cf., Allstate Ins. Co. v Dailey,* 47 AD2d 375, *affd* 39 NY2d 759).

In addition, we note that "[n]otwithstanding the policy of this State to the effect that there should be recourse to a financially responsible defendant for one injured by the negligent operation of an automobile * * * [a]n innocent victim of an accident may not recover from a lessor or other owner when the offending vehicle was being operated without the owner's permission" *(Matter of Utica Mut. Ins. Co. [Lahey—Liberty Mut. Ins. Co.], supra,* at 153).

Accordingly, the petitioner's application to stay arbitration of the uninsured motorist claim is denied. Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.