■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v VICTOR RAMIREZ et al., Respondents, et al., Respondent. [618 NYS2d 396] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rutledge, J.), dated April 30, 1993, which, after a hearing, dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the petitioner's application for a permanent stay of arbitration is granted.

In its application to stay arbitration of this uninsured

motorist claim, the petitioner Allstate Insurance Company (hereinafter Allstate) submitted a computerized registration record printout from the New York State Department of Motor Vehicles which indicated that at the time of the accident, the offending vehicle was insured by the respondent The Twin City Fire Insurance Company (hereinafter Twin City). At an ensuing hearing to determine whether the vehicle had been insured, the attorney representing Twin City stipulated to the introduction of the registration record and repeatedly conceded that Twin City had been the insurer of the offending vehicle, but contended that the coverage had been canceled for nonpayment of premiums prior to the accident date. Accordingly, Twin City's counsel steadfastly maintained that the only relevant issue to be determined at the hearing was whether the cancellation of the policy was valid. Persuaded by these representations, the court limited the hearing solely to that question. Twin City then produced as a witness a long-time employee of its assigned risk department, who presented a copy of the notice of cancellation allegedly sent to the owner of the offending vehicle. The witness was not responsible for the mailing of notices of cancellation, nor was he able to testify that the notice in this case had in fact been mailed to the insured. Moreover, while the first page of the copy of the notice bore a dated post office stamp, the witness admitted that the pages of the notice had not been stapled together at the time the first page was stamped. He did not testify regarding the procedures followed by Twin City in mailing out notices of cancellation. He further conceded that he had no proof that the final premium bill for the assigned risk policy had been mailed to the insured. Rejecting Allstate's claim, *inter alia,* that the proof of mailing was inadequate, the hearing court found that the policy had been validly canceled and directed the parties to proceed to arbitration. We now reverse.

Allstate succeeded in establishing a prima facie case of coverage by introducing the registration record, to which Twin City stipulated, which indicated the existence of such coverage *(see generally, Matter of Allstate Ins. Co. v Karadag,* 205 AD2d 531; *Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884; *Matter of State Wide Ins. Co. v Libecci,* 104 AD2d 893). The burden then shifted to Twin City to rebut the prima facie case by submitting evidence that the policy was validly canceled prior to the date of the accident *(see, Matter of Allstate Ins. Co. v Guida,* 205 AD2d 532; *Matter of State Farm Mut. Auto. Ins. Co. v Fenelon,* 202 AD2d 436; *Matter of Insurance Co. v*

*Castillo,* 158 AD2d 691). Twin City failed to sustain this burden, since it did not produce a certificate of mailing pursuant to Vehicle & Traffic Law § 313, nor did it adduce sufficient common law proof of mailing of the notice *(cf., Bullock v Hanover Ins. Co.,* 144 AD2d 416; *Matter of Allstate Ins. Co. v Peruche,* 100 AD2d 935). Indeed, the witness produced by Twin City had no knowledge regarding the mailing of the notice in this case. Furthermore, the witness's testimony failed to establish an office practice and procedure of duly addressing and mailing the notices which is carefully followed by Twin City in the regular course of business and which is designed to insure that the notices are always properly addressed and mailed *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828; *Matter of Lumbermens Mut. Cas. Co. [Collins],* 135 AD2d 373). In the absence of such proof, the hearing court erred in finding that the cancellation was valid *(see, e.g., Matter of Liberty Mut. Ins. Co. v Horowitz,* 121 AD2d 634; *Federal Ins. Co. v Kimbrough,* 116 AD2d 692; *Anzalone v State Farm Mut. Ins. Co.,* 92 AD2d 238). Additionally, the evidence regarding the assigned risk billing by Twin City was insufficient to demonstrate strict compliance with New York Automobile Insurance Plan § 14 *(see generally, Matter of Home Indem. Co. v Scricca,* 147 AD2d 697; *Eveready Ins. Co. v Mitchell,* 133 AD2d 210).

Finally, Twin City's present contention that it never insured the offending vehicle is improperly raised for the first time on appeal *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757) and was waived by its counsel's repeated concessions at the hearing that it did insure the vehicle *(see generally, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175). Having foreclosed any inquiry into the matter by its representations at the hearing, Twin City is now precluded from raising the issue on this appeal. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.