■ ROBERT CANARICK, Appellant, v SINDERETHA KNIGHT, Respondent, et al., Defendants. [637 NYS2d 938] —Appeal by the plaintiff from a judgment of the Supreme Court, Queens County (Smith, J.), dated September 26, 1994.

Ordered that the judgment is affirmed, with costs, for reasons stated by Justice Smith at the Supreme Court. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.

■ COUNTRY WIDE INSURANCE COMPANY, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [637 NYS2d 218] —In an action for a judgment declaring that the defendant is a co-insurer with the plaintiff in connection with any and all claims arising out of an automobile accident that occurred on June 23, 1991, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 2, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is denied.

The plaintiff had the initial burden of showing that the defendant is a co-insurer. The plaintiff met this burden by submitting a New York State Department of Motor Vehicles Registration Plate Record (form DP-37) and a police accident report, both of which indicate that the defendant insured the automobile in question (*see, Matter of State Farm Mut. Auto. Ins. Co. v Fenelon*, 202 AD2d 436; *Matter of Eagle Ins. Co. v Tichman*, 185 AD2d 884; *Matter of Insurance Co. v Castillo*, 158 AD2d 691; *Matter of Wausau Ins. Co. v Ramos*, 151 AD2d 487).

Once the plaintiff presented a prima facie case, the burden shifted to the defendant to prove that it did not insure the automobile at the time of the accident (*see, Matter of Nationwide Ins. Co. [Dye—Metropolitan Prop. & Liab. Ins. Co.]*, 170 AD2d 683). The affidavit of the defendant's underwriter, who searched the defendant's records, is insufficient to establish as a matter of law that the defendant did not insure the automobile at the time of the accident (*cf., Matter of Allstate Ins. Co. [Holmes—Atlantic Mut. Ins. Co.]*, 173 AD2d 260; *Matter of Nationwide Ins. Co. [Dye—Metropolitan Prop. & Liab. Ins. Co.]*, *supra*). Since there is a question of fact, summary judgment should have been denied. Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.