■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v OLGA PATRIK et al., Respondents, and AMERICAN MOTORISTS INSURANCE COMPANY, Appellant. [649 NYS2d 189] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, the American Motorists Insurance Company appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated January 10, 1996, as granted the motion of the petitioner for leave to amend the notice of petition and petition to add it as an additional party respondent, and directed a hearing on the issue of whether it insured the offending vehicle.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal from that portion of the order which directed a hearing on the issue of whether it insured the offending vehicle, and leave to appeal is granted (*see*, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by Eagle Insurance Company, the petition is denied, and Eagle Insurance Company and its insured, Olga Patrik, are directed to proceed to arbitration.

An insurance carrier seeking to stay arbitration of an uninsured motorist claim has the burden of going forward to establish that the offending vehicle was insured at the time of the accident. Once a prima facie case of coverage is established, the burden shifts to the opposing party to come forward with evidence to the contrary (*see, Matter of State-Wide Ins. Co. v Morales,* 204 AD2d 336; *Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884).

Assuming that the petitioner Eagle Insurance Company (hereinafter Eagle) satisfied its burden of coming forward with prima facie evidence that the vehicle was insured by the appellant American Motorists Insurance Company (hereinafter American), the evidence submitted by American refuted Eagle's proof. American's evidence conclusively established that the New York State Insurance Identification Card filed by the owner of the offending vehicle was a forgery and that American had not issued an insurance policy providing coverage for the offending vehicle on the date of the accident (*see, Matter of Prudential Prop. & Cas. Ins. Co. v Mortise,* 178 AD2d 646). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.