■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Respondent, v LUIS QUICHIZ, Appellant. [657 NYS2d 352] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Luis Quichiz appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated May 22, 1996, which, upon renewal, granted the petition and stayed the arbitration.

Ordered that the judgment is affirmed, with costs.

An insurance carrier seeking to stay arbitration of an unin-

sured motorist claim has the burden of going forward to establish that the offending vehicle was insured at the time of the accident. Once the insurer establishes a prima facie case, the burden shifts to the party opposing the stay to come forward with evidence to the contrary (*see, Matter of Eagle Ins. Co. v Patrik,* 233 AD2d 327; *Matter of State-Wide Ins. Co. v Morales,* 204 AD2d 336, 337; *Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884, 886). Here, the petitioner insurance carrier submitted the records of the Department of Motor Vehicles indicating that the offending vehicle was insured, and a letter from American Transit Insurance Company which admitted that it insured the vehicle on the day of the accident. The appellant offered nothing to contradict these facts. Therefore, the court properly granted the petition and stayed the arbitration. Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.