■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ANTHONY ROMAN et al., Respondents, and NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Respondent. [658 NYS2d 991] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 5, 1996, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

It is well settled that in a proceeding to stay arbitration of an uninsured motorist claim, the petitioner bears the initial burden of proving that the offending vehicle was insured at the time of the accident. If the petitioner meets this burden, the burden shifts to the party seeking to disclaim coverage to prove that the vehicle was not insured by it at the time of the accident by demonstrating that it had cancelled the policy prior to the accident (see, Matter of State Farm Mut. Auto. Ins. Co. v Kanter, 217 AD2d 633; Matter of State-Wide Ins. Co. v Morales, 204 AD2d 336, 337; Matter of Allstate Ins. Co. v Ramirez, 208 AD2d 828, 829; Matter of Worldwide Underwriters Ins. Co. v Lumbermens Mut. Cas. Co., 181 AD2d 784). We agree with the Supreme Court that the petitioner failed to sustain its burden of establishing that the offending vehicle was covered by insurance. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.