◼ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v DAVID R. FREDERICK, Respondent. [698 NYS2d 266] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), dated September 8, 1998, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the petition is reinstated, arbitration is stayed pending an evidentiary hearing on the issue of whether the alleged offending vehicle was insured by

State Farm Mutual Automobile Insurance Company on the date of the subject accident, and the matter is remitted to the Supreme Court, Nassau County, to join State Farm Mutual Automobile Insurance Company and Steven E. Lurie as party respondents, and for further proceedings thereafter.

The petitioner met its initial burden of proving that the alleged offending vehicle was insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm) at the time of the accident (*see, Matter of State Farm Mut. Auto. Ins. Co. v Fenelon,* 202 AD2d 436). Thus, the burden shifted to the respondent to prove that the offending vehicle was not insured by State Farm at the time of the accident (*see, Matter of Eagle Ins. Co. v Tichman,* 185 AD2d 884, 886). The Supreme Court erred in its determination that the respondent met his burden. Under the circumstances, a hearing is required to determine if the offending vehicle was insured by State Farm on the date of the accident. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings, including the joining of State Farm and its insured, Steven G. Lurie, as respondents.

It is noted that the petitioner was not required to disclaim coverage, as "[t]he uninsured motorist coverage of the [petitioner's] policy does not attach unless and until it has been established that there was no insurance coverage on the [offending] vehicle on the date of the accident" (*Matter of Aetna Cas. & Sur. Co.,* 102 AD2d 772, 774; *see also, Matter of State Farm Mut. Ins. Co. v Vazquez,* 249 AD2d 312). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.