In the Matter of MARYLAND CASUALTY INSURANCE COMPANY, Respondent, v NEXTAH LOPEZ, Respondent. STATE FARM INSURANCE COMPANY, Proposed Additional Respondent-Appellant. [732 NYS2d 57] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, or, in the alternative, to temporarily stay arbitration pending a hearing to determine whether State Farm Insurance Company insured the offending vehicle at the time of the accident and to add it as a respondent, State Farm Insurance Company appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated November 1, 2000, which granted the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to permanently stay arbitration and substituting a provision therefor denying that branch of the petition; as so modified, the order is affirmed, without costs or disbursements, State Farm Insurance Company and its insured, Christopher Cruz, are joined as respondents, and arbitration is stayed pending an evidentiary hearing on the issue of whether the alleged offending vehicle was insured by State Farm Insurance Company on the date of the accident.

The petitioner met its initial burden of proving that the alleged offending vehicle was insured by State Farm Insurance Company (hereinafter State Farm) at the time of the accident (*see, Matter of State Farm Mut. Auto. Ins. Co. v Youngblood,* 270 AD2d 493; *Matter of Liberty Mut. Ins. Co. v Bohl,* 262 AD2d 645; *Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579). Thus, the burden shifted to State Farm to prove that it did not insure the offending vehicle at the time of the accident (*see, Matter of American Home Assur. Co. v Wai Ip Wong,* 249 AD2d 301; *Matter of Interboro Mut. Indem. Ins. Co. v Quichiz,* 238 AD2d 421). Here, Nextah Lopez, a driver of one of the cars involved in the accident, and State Farm came forward with sufficient evidence to raise an issue of fact. Under the circumstances, a hearing is required to determine whether the offending vehicle was insured by State Farm on the date of the accident. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings,

including the joining of State Farm and its insured, Christopher Cruz, as respondents (*see, Matter of Allstate Ins. Co. v Frederick,* 266 AD2d 283). Santucci, J. P., Florio, H. Miller and Cozier, JJ., concur.