■ In the Matter of AMERICAN CASUALTY INSURANCE COMPANY, Respondent, v BYRON WALCOTT, Respondent, GEICO, Appellant, et al., Respondent. [751 NYS2d 560] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, GEICO appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 26, 2001, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

On September 22, 1999, a vehicle owned and operated by Byron Walcott was involved in an accident with a vehicle owned by David B. Stevens. Subsequently, Walcott filed a demand for arbitration of a claim for uninsured motorist benefits. In support of its petition to stay the arbitration, Wal-

cott's insurer, American Casualty Insurance Company established a prima facie case that the Stevens vehicle was insured at the time of the accident by submitting the registration plate record and police accident report indicating that the appellant, GEICO, was the insurer (*see Matter of Nationwide Ins. Co. v Sillman,* 266 AD2d 551; *Matter of Lumbermens Mut. Cas. Co. v Beliard,* 256 AD2d 579). The burden then shifted to GEICO to establish that it did not insure the Stevens vehicle at the time of the accident (*see Matter of Allstate Ins. Co. v Frederick,* 266 AD2d 283; *Matter of Interboro Mut. Indem. Ins. Co. v Quichiz,* 238 AD2d 421).

At the hearing, the evidence established that since 1998 the Stevens vehicle was covered under a policy of insurance issued by GEICO to an individual named Carol Alleyne and that Stevens had been listed on that policy as an additional driver. In May 1999 Alleyne deleted the Stevens vehicle from her policy. Although Alleyne attempted to delete Stevens from the policy as well, GEICO would not remove him on the ground that no other proof of insurance was shown. No notice of the deletion was given to Stevens. In June 1999 Alleyne cancelled the entire policy upon submitting proof to GEICO that she and her vehicle were covered by another insurer. No notice of the cancellation was given to Stevens or the Department of Motor Vehicles (hereinafter the DMV).

To cancel a policy of insurance or delete a vehicle from the policy, the insurer is not required to send a notice of cancellation to an additional driver listed in the policy (*see* Vehicle and Traffic Law § 313 [1] [a]; *Drysdale v Meritplan Ins. Co.,* 94 AD2d 970; *Broquedis v Employers Mut. Liab. Ins. Co. of Wis.,* 45 AD2d 591). In the present case, Stevens was merely an additional driver under Alleyne's GEICO policy. However, there was evidence presented at the hearing that GEICO either knew or should have known that Stevens was the owner of the deleted vehicle. Under such circumstances, even though Stevens was an additional driver, GEICO was obligated to notify him regarding the vehicle's deletion from the policy (*see Government Empls. Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123). GEICO treated Stevens as a named insured by refusing to delete him without proof of other insurance. GEICO was, therefore, obligated to notify Stevens and the DMV upon the cancellation of the entire policy (*see* Vehicle and Traffic Law § 313 [1] [a]; [2] [a]; *Drysdale v Meritplan Ins. Co., supra*; *Broquedis v Employers Mut. Liab. Ins. Co. of Wis., supra*). In the absence of proper notice of cancellation to Stevens and the DMV, GEICO must now provide coverage for

Stevens' vehicle (*see Matter of American Home Assur. Co. v Chin*, 269 AD2d 24; *Government Empls. Ins. Co. v Employers Commercial Union Ins. Co., supra*). Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.