In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v MELANIE A. BRUNNER, Respondent. [894 NYS2d 881]—

The Supreme Court properly concluded that the petitioner failed to meet its burden of proving that an insurance policy endorsement dated October 21, 2005, which purportedly reduced the limits applicable to the uninsured/underinsured motorist endorsement of the relevant policy to the sums of $25,000 per person and $50,000 per accident, was properly mailed to the policy holder prior to the date of the subject accident. The underwriter who testified at the hearing failed to offer "evidence of an office [procedure] geared to insure the likelihood

that [the endorsements are] always properly addressed and mailed" (*Federal Ins. Co. v Kimbrough*, 116 AD2d 692, 692 [1986]; *see Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830 [1978]; *Matter of Transcontinental Ins. Co. v Gibbs*, 34 AD3d 488 [2006]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547 [2006]; *Lumbermens Mut. Cas. Co. v Gamble*, 250 AD2d 540 [1998]; *Matter of Allstate Ins. Co. v Ramirez*, 208 AD2d 828, 830 [1994]; *Sea Ins. Co. v Kopsky*, 137 AD2d 804 [1988]; *Anzalone v State Farm Mut. Ins. Co.*, 92 AD2d 238 [1983]; cf. *Kaufmann v Leatherstocking Coop. Ins. Co.*, 52 AD3d 1010, 1012 [2008]; *Morales v Yaghoobian*, 13 AD3d 424, 425 [2004]; *Matter of Metlife Auto & Home v Pennella*, 10 AD3d 726 [2004]).

Accordingly, the Supreme Court properly denied the petition and directed the parties to proceed to arbitration. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.