■ DAISY BADILLO et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents.—In an action, *inter alia,* for a declaration that defendant State Farm Mutual Automobile Insurance Company is required to defend and indemnify plaintiffs in an action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated March 14, 1984, which declared that the automobile liability insurance policy issued to plaintiff Daisy Badillo by defendant State Farm Mutual Automobile Insurance Company had been properly canceled prior to the date of the accident at issue and was not in effect at that time.

Judgment reversed, on the law and the facts, with costs, and

it is declared that defendant State Farm Mutual Automobile Insurance Company is required to defend and indemnify plaintiffs.

Pursuant to Banking Law § 576, a premium finance agency may cancel an insurance contract that it is financing when the premium finance agreement contains a power of attorney or other authority enabling the agency to cancel the contract. Although the premium finance agreement here contained a power of attorney authorizing defendant Kings Premium Service Corp. to cancel the insurance contract, plaintiff Daisy Badillo testified that she did not remember signing a paper concerning financing and that the signature on the finance agreement was not her signature. Additionally, a comparison of Daisy Badillo's signature on her insurance application (which she admits signing) with her alleged signature on the finance agreement reveals that the two signatures are very different. Plaintiffs clearly made a prima facie showing that the signature on the finance agreement did not belong to Daisy Badillo. State Farm did nothing to refute that showing. Accordingly, the judgment should have been in plaintiffs' favor. Lazer, J. P., Mangano, Gibbons and Weinstein, JJ., concur.