■ In the Matter of AutoOne Insurance Co., Appellant, v Selwyn Schulere et al., Respondents. [875 NYS2d 154]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner AutoOne Insurance Company appeals from a judgment of the Supreme Court, Kings County (Marano, J.H.O.), which, after a hearing, in effect, denied the petition and dismissed the proceeding based on a finding that the offending vehicle was uninsured on the date of the accident.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

The petitioner AutoOne Insurance Company sought a permanent stay of arbitration of an uninsured motorist claim on the ground that the offending vehicle was insured on the date of the accident by the respondent Integon National Insurance Company (hereinafter Integon). A framed issue hearing was held to determine whether, prior to the date of the accident, Integon had validly canceled the policy that it had written for the offending vehicle. The parties agreed that North Carolina law applied to this question. The Supreme Court concluded that Integon's "cancellation of [the] insurance policy was proper" and, in effect, dismissed the proceeding. We reverse and grant the stay of arbitration.

Integon argues that a December 1, 2005, cancellation notice allegedly sent to its insured by his insurance premium finance

company was effective. However, Integon failed to present evidence at the hearing that the insurance premium finance agreement between its insured and his insurance premium finance company contained a power of attorney or other authority enabling it to cancel the insured's insurance contract under North Carolina law (*see* NC Gen Stat § 58-35-85; *cf. Badillo v State Farm Mut. Auto. Ins. Co.*, 114 AD2d 394 [1985]). In addition, Integon failed to present evidence at the hearing sufficient to establish that either the cancellation notice dated December 1, 2005, or any of the cancellation notices it allegedly sent its insured were, in fact, properly mailed (*see Lumbermens Mut. Cas. Co. v Gamble*, 250 AD2d 540 [1998]; *Federal Ins. Co. v Kimbrough*, 116 AD2d 692 [1986]). Thus, the Supreme Court erred in finding that Integon had effectively cancelled the insured's policy prior to the subject accident which occurred on January 7, 2006.

The parties' remaining contentions either have been rendered academic by our determination or are without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.