Defendant's counsel shall submit an order consistent with this opinion.

647 A.2d 498

MARIA FARGAS, PLAINTIFF, v. JANET GORHAM, LOUISE GORHAM, JOSEPH GRAF, JOHN DOES I THROUGH III, DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided June 8, 1994.

*Mary·Paula Millerick* for plaintiff (*Ann Bernice Segal,* attorney).

*Suzanne Marasco* for defendant, Joseph Graf (*Hill Wallack,* attorneys).

*Pina M. Vricelli* for defendants, Janet Gorham and Louise Gorham (*Parker, McCay and Criscuolo,* attorneys).

WELLS, A.J.S.C.

This is a personal injury case arising out of a motor vehicle accident which occurred on May 7, 1991, in the southbound lanes

of Route 130 in Florence Township. The plaintiff, Maria Fargas, was a passenger in a car driven by Janet Gorham. That car struck the rear end of a pick-up truck driven by Joseph Graf. Mr. Graf has filed the present motion to dismiss the case as to him. The factual basis of the motion is supplied by answers to interrogatories, deposition passages and the police report.

In his deposition, Mr. Graf testified that a tractor trailer proceeding in front of him stopped for a school bus located on the right shoulder of the road with its stop lights flashing. Although it was not entirely clear at first to Graf why the tractor trailer had slowed and stopped (his view of the bus warning lights being blocked by the tractor trailer itself), as he approached he saw what was happening and was able to stop safely behind the trailer. He stated he was stopped "anywhere from 5 to 10 seconds" before he was hit from behind. Fargas, the plaintiff, also conceded in her deposition that the Graf vehicle was stopped at the time her host driver, Gorham, ran into the rear of it.

██ Notwithstanding these eyewitness accounts, Gorham's counsel resists Graf's motion by referring the court to interrogatory answers certified by Michael Parlin on behalf of Gorham "upon information and belief." The answer he gave to Question 9 is:

On 5/7/91 at approximately 7:12 a.m. defendant was travelling southbound on Route 130 when suddenly and without warning co-defendant, Joseph Graf, applied his brakes. Defendant immediately applied her brakes but unfortunately impact occurred between the defendant and the co-defendant's vehicles.

The answer did not disclose the source of the information.

If it is proper to consider it on this motion, the answer creates a factual question which would in my opinion, be sufficient to defeat the motion. The issue is therefore, should the court consider it?

Michael Parlin, the court is informed, was a representative of the insurance carrier covering the Gorham vehicle. Gorham apparently disappeared after the accident and has not been available to answer interrogatories nor to depose. The submission of Parlin's answers to interrogatories on Gorham's behalf is upon the authority of *R.* 4:17–4(a), second sentence, which provides:

> If a party is unavailable, the interrogatories may be answered by an agent or authorized representative, including a liability carrier who is conducting the defense, whose answers shall bind the party.

At oral argument on this motion the court asked counsel upon what information had the carrier answered the interrogatory and, in particular, whether had it been based upon an oral or written statement taken from Gorham before she disappeared. I reserved decision on the motion pending receipt of that information. I am now advised that Parlin took neither an oral nor written statement from Gorham but based his answer upon "his review of the file and its contents ... especially the police report and his understanding of same."

The police report states:

> The driver of vehicle # 2 (the Gorham vehicle) stated that the tractor trailer was in the right-hand lane and was blocking the view of the stopped school bus with the warning lights flashing and before she realized what was going on, vehicle # 1 stopped in the left-hand lane in front of her and she did not have time to react to the stopped vehicle.

I note first that the interrogatory answer, quoted above, as drafted by Parlin does not exactly track language of the police report. In the report it seems clear that Gorham acknowledged that Graf's vehicle had stopped. However, the interrogatory answer makes it appear that Graf stopped his vehicle "suddenly and without warning." In addition, there is nothing in the interrogatory answer which suggests that Gorham came upon the scene "before she realized what was going on", as stated in the report. In short, the answer is far more exculpatory than the police report.

In any event, the court finds it improper for interrogatory answers certified by the agent of a carrier to be used to defeat a motion for summary judgment unless that agent has either (1) spoken to the insured about the happening of the accident; (2) has taken a written statement from the insured; or (3) has other reasonably reliable evidence about the accident which may be hearsay. Whatever the source of the facts in the answers it must be thoroughly disclosed. *R.* 4:17–4(a).

■ In my opinion, the leave granted by *R.* 4:17–4(a) to submit answers through an authorized agent was not intended to relieve carriers from the obligation to provide the most reliable information that it possesses. To do otherwise is to allow carriers to draft answers to interrogatories which they know will raise factual issues but which in reality are little more than their factual theory of the case. In this case the situation is even more egregious because Gorham pled guilty to careless driving with a civil reservation. *R.* 7:4–2(b).

■ I also note that the critical answer, which could not have been on Parlin's personal knowledge, was both creative and did not disclose the source of the information it presented as required by the rule. *R.* 4:17–4(a), fourth sentence. This disclosure requirement is a vital part of the rule because it provides counsel and the motion judge with a basis for evaluating the trustworthiness of the answers given.

■ It is clear to me that the central purpose of *R.* 4:17–4(a) was to secure a party against dismissal of its pleadings under *R.* 4:23–5 arising out of the unavailability of that party to answer interrogatories. I believe the rule is premised on the thought that any such unavailability will likely be temporary and that eventually the party will submit to discovery. At the same time, it is likely there will be other direct sources for the facts which can be framed in answers to provide "the adversary party with a useful discovery opportunity." *See* Pressler, *Current N.J. Court Rules,* comments to *R.* 4:17–4(a) (1994).

■ That being the case, the court should not, in my opinion, lower the threshold of acceptable evidence on motions for summary judgment. *R.* 1:6–6. These are significant applications. Often, rulings are sought which finally dispose of important interests. The evidence presented to support or defeat the motion should be the best there is short of live testimony characteristic of the full trial. In that vein, permitting carriers to use self-created answers to interrogatories as a sword to kill a motion properly

grounded in the certified or sworn statements of eye witnesses is highly problematic and violates the spirit of the Rules. It is one thing to save yourself from default; but quite another to force an adversary to trial on the carrier's version of the facts.

For the reasons stated, the court hereby chooses to disregard Mr. Parlin's answers to interrogatories. Accordingly, there being no material issue of fact concerning how this accident happened, Graf's motion for summary judgment is granted.