| |
|---|
| **Matter of Liberty Mut. Ins. Co. v Evangelista** |
| 2024 NY Slip Op 33323(U) |
| September 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655994/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**

               *Justice*

PART                  56M

-------------------------------------------------------------------------------X

In the Matter of

LIBERTY MUTUAL INSURANCE COMPANY,

             Petitioner,

- v -

ADELSIO ULERIO EVANGELISTA,

             Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655994/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12

were read on this motion to/for          STAY OF ARBITRATION          .

This is a proceeding pursuant to CPLR 7503, pursuant to which the petitioner, Liberty Mutual Insurance Company (Liberty), seeks a permanent stay of arbitration of a claim for uninsured motorist (UM) benefits that had been demanded by the respondent, Adelsio Ulerio Evangelista or, in the alternative, a framed-issue hearing to determine whether a hit-and-run vehicle had struck Evangelista's vehicle, thus triggering UM coverage. Evangelista opposes the branch of the petition seeking a permanent stay of arbitration, but joins in Liberty's request that the court conduct a framed-issue hearing on the issue of whether there was vehicular contact with a hit-and-run vehicle and, hence, coverage. The petition is granted to the extent that the court directs a framed-issue hearing on the issue of whether an unidentified hit-and-run vehicle had struck Evangelista's vehicle and, thus, whether Liberty must provide UM coverage in connection with the underlying motor vehicle accident. The petition is otherwise denied at this juncture, pending the outcome of the framed-issue hearing.

Liberty had issued a policy of automobile liability insurance to Evangelista in New York covering a Dodge Journey sports utility vehicle (SUV) that he owned. On February 20, 2023,

[* 1]

while driving his SUV in the left lane of the SNW roadway on the western alignment of the New Jersey Turnpike in Carlstadt, New Jersey, Evangelista's vehicle struck the rear of a vehicle owned by BB Myrtle Pharmacy Corp. (BB Myrtle) and operated by P.M. Kanaheraarachchi, which, in turn, struck the rear end of a vehicle owned by Kimberly A. Portanova-Feibus and operated by Benjamin D. Feibus.  In the relevant police accident report, the New Jersey State Trooper who took the statements of the three vehicle operators did not record a statement by Evangelista that a fourth vehicle had struck his vehicle in the rear, causing his vehicle to strike the rear of the BB Myrtle vehicle, and that this fourth vehicle had left the scene of the accident without stopping.  Nonetheless, Evangelista made claim against Liberty for UM benefits, alleging both that this fourth vehicle had indeed struck his vehicle in the rear, thus precipitating the subject accident, and that it had fled from the accident scene.

It is apparent from the description of the accident provided by Evangelista that neither the operator of the vehicle that he struck, nor the operator of the third vehicle that had in turn been struck by that vehicle, likely would be held liable for negligence in the happening of the accident.  That is because "a rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of care on its operator, and . . . the operator is required to rebut the inference of negligence created by the unexplained rear-end collision" (*Rybka v Reyes*, 2022 NJ Super Unpub LEXIS 2288, *3-4 [NJ Super, Law Div, Bergen County, Aug. 26, 2022]), which Evangelista is unlikely to do here (*see Fargas v Gorham*, 276 NJ Super 135, 139-140, 647 A2d 498 [NJ Super, Law Div, Burlington County 1994] [driver of following vehicle in rear-end collision unable to defeat summary judgment motion solely on unsupported contention that lead vehicle stopped suddenly).  Hence, the only other driver who might be held liable in tort for Evangelista's injuries would be the driver of the purported hit-and-run vehicle.

Insurance Law § 3420(f)(1) provides, in relevant part, that all automobile insurance policies issued in New York provide UM coverage for

655994/2023   LIBERTY MUTUAL INSURANCE COMPANY vs. ULERIO EVANGELISTA, ADELSIO        Page 2 of 5
   Motion No.  001

[* 2]                                                                    2 of 5

"all sums, not exceeding a maximum amount or limit of twenty-five thousand dollars exclusive of interest and costs, on account of injury to . . . one person, in any one accident, . . . which the insured or his legal representative shall be entitled to recover as damages from an owner or operator of an . . . unidentified motor vehicle which leaves the scene of an accident."

Where a UM insurer meets its initial burden of proving that there was no vehicle at fault in the happening of the underlying accident that left the scene of the accident, the burden shifts to the respondent to prove that the offending vehicle was, in fact, at fault in the happening of the accident and that it did, in fact, leave the scene of the accident (*see generally Matter of Allstate Ins. Co. v Frederick*, 266 AD2d 283, 284 [2d Dept 1999]). By submitting the police accident report, Liberty demonstrated that there likely was no fourth, hit-and-run vehicle involved in the accident. Here, however, inasmuch as Evangelista insisted that he was struck in the rear by a hit-and-run vehicle, "it would be reasonable to hold a framed issue hearing," as there are sufficient facts in dispute to warrant one (*Matter of Travelers Home & Mar. Ins. Co. v Barowitz*, 208 AD3d 1074, 1075 [1st Dept 2022]), particularly since Liberty proposed such a hearing as alternative relief in the first instance.

Accordingly, it is,

ORDERED that the petition is granted to the extent that the arbitration demanded by the respondent is temporarily stayed, pending a framed-issue hearing on the issue of whether the respondent's vehicle had been struck in the rear by another vehicle that left the scene of the subject accident, thus triggering uninsured motorist's coverage under the insurance policy issued to the respondent by the petitioner, and the petition is otherwise denied at this juncture; and it is further,

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this Court on the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose: whether the respondent's vehicle had been struck in the rear by another vehicle that left the scene of the subject accident,

655994/2023   LIBERTY MUTUAL INSURANCE COMPANY vs. ULERIO EVANGELISTA, ADELSIO          Page 3 of 5
Motion No.  001

[* 3]                                                         3 of 5

thus triggering uninsured motorist's coverage under the insurance policy issued to the respondent by the petitioner; and it is further,

ORDERED that this matter is hereby referred to the Special Referee Clerk (Room 119M, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon which the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link under "Courthouse Procedures"), shall assign this matter to an available JHO/Special Referee to hear and report as specified above; and it is further,

ORDERED that counsel shall immediately consult one another and counsel for petitioner shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or email, an Information Sheet (which can be accessed at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further,

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed, on the date first fixed by the Special Referee Clerk subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further,

ORDERED that the hearing will be conducted in the same manner as a trial before a Justice without a jury (CPLR 4320[a]) (the proceeding will be recorded by a court reporter, the rules of evidence apply, etc.) and, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issues specified above shall proceed from day to day until completion; and it is further,

655994/2023   LIBERTY MUTUAL INSURANCE COMPANY vs. ULERIO EVANGELISTA, ADELSIO          Page 4 of 5
 Motion No. 001

[* 4]                                                         4 of 5

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts.

This constitutes the Decision and Order of the court.

9/19/2024
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655994/2023   LIBERTY MUTUAL INSURANCE COMPANY vs. ULERIO EVANGELISTA, ADELSIO**          **Page 5 of 5**
**Motion No.  001**

[* 5]